# Coleman *v.* The State.

63 ·· 93
119  503

*Prosecution for Refusal to aid Officer in making Arrest.*

1. *Judicial acts of notary public as justice of the peace.*—To give validity to the official acts of a notary public as a justice of the peace, when he has the power of a justice of the peace, it is not necessary, though it would be proper, that he should add to his signature the words " *ex officio* justice of the peace," or other equivalent words. The courts and citizens of the State are presumed and bound to know who its commissioned officers are, and the extent of their authority.

2. *Pursuit and arrest under warrant, in another county.*—The statute which provides that an officer, having a warrant of arrest to execute, "may pursue the defendant in another county," and, on obtaining an indorsement of the warrant as prescribed, "may summon persons to assist him in making the arrest and exercise the same authority as in his own county" (Code, § 4656), does not mean that the execution must be begun in the latter county, when the defendant is there, and be followed up, in the event of his fleeing into another county.

FROM the Circuit Court of Greene, on appeal from County Court.

Tried before the Hon. L. R. SMITH. ·

The record and dockets do not show the name of the counsel who appeared in this court for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

MANNING, J.—Appellant was prosecuted for refusing to comply with the demand of one Carnathan, a special constable, to aid him in making an arrest, in Greene county, of one Peter Hill, in obedience to a warrant issued by a magistrate of Sumter county, requiring that said Peter be brought before him, upon a charge of larceny committed therein. Carnathan, deputed to act as constable in the absence of that offi-

cer, had obtained from one McGowan, a notary public of Greene county, who acted also a's justice of the peace, his indorsement upon the warrant, signed by him as "notary public" of Greene county, authorizing Carnathan to execute the warrant in the latter county. Appellant Coleman was informed of the authority under which Carnathan was acting. The objection chiefly insisted on here is, that McGowan, by signing the indorsement merely as notary public, acted and professed to act only as a notary public, and not as a justice of the peace; in which character alone, it is contended, he could confer the authority imported by the indorsement.

The constitution provides, "that the governor may appoint one notary public for each election precinct in counties, and one for each ward in cities of over five thousand inhabitants, who, in addition to the powers of notary, shall have and exercise the same jurisdiction as justices of the peace," &c. It is also provided, " that notaries public, without such jurisdiction, may be appointed."—Art. VI, § 26.

McGowan, as a notary public, was invested with the jurisdiction of a justice of the peace also ; and however proper it would have been, it was not necessary, to give validity to his acts and precepts as magistrate, that he should add that title, or the words " *ex officio* justice of the peace," to his official signature as notary public. The citizens and tribunals of the State are presumed and bound to know who its commissioned officers are, and the extent of their authority ; and it is of the highest importance to the community that they should be respected and obeyed as such, and supported in the performance of their respective legal duties. To the degree to which their authority is contemned and opposed, the peace and good order of society is disturbed, and the rights of individuals made insecure.

The clause at the end of section 1328 of the Code of 1876, in the following words : " and notaries public must otherwise qualify as justices of the peace," means that they must take the like oaths. It was previously enacted in this section, that notaries public must give bond as therein prescribed, the same in form and substance as justices of the peace were required to execute ; and then the words above quoted are added, that they " must otherwise qualify as justices of the peace."—See the Acts of 1868, p. 20, from which these provisions of section 1328 of the Code are taken.

Section 4656, enacting that an officer, " having a warrant of arrest to execute, may pursue the defendant in another county," and, on obtaining an indorsement upon the warrant as prescribed, "may summon persons to assist him in mak-

ing the arrest, and exercise the same authority as in his own county," does not mean, as contended, that the execution must be begun in the latter county, when defendant is there, and be followed up in the event of his fleeing into another county. And there was no error in the instruction given— that "if the party charged committed the offense in Sumter county, and a few days afterwards the warrant was issued, whilst the party was in Greene county, and the officer proceeded, in a reasonable time after, . . . . to Greene county to make the arrest, this would be a pursuit within the meaning of the law."

Let the judgment of the Circuit Court be affirmed.