# Kirk *v.* The State.

### Violating Prohibition Law.

(Decided February 10, 1916. 70 South. 990.)

1. **Evidence; Judicial Knowledge; Officers.**—The appellate courts take judicial notice that a certain person is the judge of a certain court, and of his powers under the act creating said court, and that such court is the only court of that character within a particular county; hence, the fact that the officer adminisering the oath was styled Judge of the City Court in and for said county, will be treated as clerical misprision.

2. **Indictment and Information; Following Statute.**—An indictment which follows substantially the language of the statute creating the offense is sufficient to sustain a conviction thereunder.

3. **Intoxicating Liquors; Offenses; Other Sales.**—Where the complaint charged the offense of selling prohibited liquors and also charged in each count and in the alternative in such count, the offense of keeping prohibited liquors for sale, evidence of several different sales at different times was admissible for the purpose of showing that such liquors were kept for sale in violation of the statute.

4. **Witnesses; Impeachment; Predicate.**—Where a witness is sought to be impeached by showing previous declaration or conversation, the predicate is improper if it does not fix the time and place of the declaration or conversation.

5. **Intoxicating Liquors; Evidence; Concealment.**—Evidence that prohibited liquors were found on the premises of defendant, also as to the quantity found, defendant's declaration with reference to it, and evidence tending to show concealment inconsistent with keeping for personal use, was admissible.

6. **Same.**—In connection with evidence tending to show previous sales it it competent to show by a witness that he gave another person money and sent him for some whisky, and that such person went towards defendant's place, and soon returned with the whisky, was properly admitted.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

[Kirk v. The State.]

Wallace Kirk was convicted of violating the prohibition law, and he appeals. Affirmed.

The affidavit is as follows: Before me, R. S. Snoddy, judge of the city court in and for said county, personally appeared S. S. Shores, who, being duly sworn, deposes and says that he has probable cause for believing and does believe that within 12 months before the making of this affidavit Wallace Kirk, whose name is to the affiant otherwise unknown, sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors, contrary to law.

The other counts in the affidavit charge the engaging as a retailer, the maintaining and keeping an unlawful drinking place, and the carrying on of the business of manufacturing.

No counsel marked for appellant. W. L. MARTIN, Attorney General, for the State.

BROWN, J.— (1) The court takes judicial notice that Robt. S. Snoddy is the judge of the city court of Jasper, a court created by the act of the Legislature approved March 29, 1911 (Local Acts 1911, p. 176), and as such he has the authority of a justice of the peace to issue warrants returnable into the law and equity court and courts of like jurisdiction; that said court is the only court styled "the city" court in Walker county (*Grider v. Tally*, 77 Ala. 422, 54 Am. Rep. 65; *McCarver v. Herzberg*, 120 Ala. 524, 25 South. 3; *Carey v. State*, 76 Ala. 78; *Sandlin v. Anderson, Green & Co.*, 76 Ala. 403) ; and the fact that the officer administering the oath to the affidavit is styled "judge of the city court in and for said county" will be treated as a clerical misprision.

(2) The complaint followed the language of the statute in charging the offense, and was sufficient to sustain a judgment. —*Spigener v. State*, 11 Ala. App. 297, 66 South. 896; *Lee v. State*, 10 Ala. App. 191, 64 South. 637; *Ex parte Rodgers*, 12 Ala. App. 223, 67 South. 710.

(3) The complaint, besides charging the offense of selling prohibited liquors, charges, in different counts, and in the alternative in each of said counts, the offense of keeping prohibited liquors for sale. Under this complaint evidence of several sales at different times was admissible as tending to show that such

[Mitchell v. The State.]

liquors were kept for sale in violation of the statute.—*Spigener v. State,* 11 Ala. App. 297, 66 South. 896.

(4) The question to the witness Clement King, as a predicate for impeaching him by showing previous declarations, "Did you tell Frank O'Neal in substance this, that you wanted him to swear against the defendant; that he had rolled you for your job?" did not fix the time and place of the conversation, and the objection thereto was properly sustained.—*Sexton v. State,* 13 Ala. App. 84, 69 South. 341.

(5) The testimony showing that prohibited liquors were found on the defendant's premises, the quantities found, defendant's declaration with reference to it, and testimony tending to show concealment in a way inconsistent with keeping for personal use was also properly admitted.—*Harwell v. State,* 12 Ala. App. 265, 68 South. 500.

(6) The testimony of the witness Trott that he gave Green money and sent him after some whisky, and that Green went in the direction of the defendant's place, and soon returned with the whisky, was, in connection with the evidence tending to show previous sales, properly admitted.—*Spigener v. State, supra.*

We find no error in the record, and the judgment is affirmed. Affirmed.