# Thornhill v. The State.

### Gaming.

(Decided May 30, 1916.  Rehearing denied June 13, 1916.
72 South. 297.)

1. **Indictment and Information; Gaming.**—An indictment charging a violation of Acts 1909, p. 183, is sufficient if it follows substantially the language of the statute.

2. **Statutes; Enactment; Special Session.**—For the enactment of legislation, at a special session, not embraced in the proclamation of the Governor calling such special session, a two-thirds majority of a quorum of each house is sufficient under the Constitution; a two-thirds majority of members elected to each house not being required.

3. **Appeal and Error; Presumption; Review.**—In the absence of a showing that all the evidence is set out in the bill of exceptions, it will be presumed that a sufficient predicate was laid for the admission of testimony as to character or reputation.

4. **Same; Record; Recital.**—Where the bill of exceptions on its face shows that all the evidence is not set out therein, the fact that it concludes with the statement that all the evidence is set out therein, is not controlling.

5. **Gaming; Evidence; Character.**—Where defendant had not testified as a witness, and had not, in any other way, put his reputation in issue, the only evidence as to his reputation competent for the state to offer was his general reputation as a gambler under the provisions of § 5, Acts 1909, p. 183.

6. **Witnesses; Knowledge; Character.**—It must be shown that a witness knows the general reputation of a defendant as a gambler before such witness can be permitted to testify thereto.

7. **Same.**—The knowledge of a witness as to a defendant's general reputation is a sufficient predicate, under Acts 1909, p. 183, for the admission of testimony as to his general reputation as a gambler.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Bob Thornhill was convicted of gaming, and he appeals. Affirmed.

The verdict found the defendant guilty under the third count, which is as follows: Affiant further says that he has probable cause for believing, and does believe, that within twelve months before making this affidavit, and in Walker county, Ala., Bob Thornhill, for the purpose of gaming, visited or resorted to a house or room or rooms that was barred or barricaded or constructed in such manner as to make it difficult of access or ingress to police or other officers, or protected, furnished, or equipped with speaking tubes, dumb-waiters, electric wires or bells for giving alarms from the outside or from the inside of such house or room or rooms, where cards, dice, or roulette wheels were kept or exhibited or exposed to view, when he so visited or resorted to such place.

The first count charged betting at a game played with cards or dice, and the second count charged playing at a game.

LEITH & GUNN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) The question first presented as to the sufficiency of the complaint in this case was disposed of adversely to appellant in *Kirk v. State, infra,* 70 South. 990. Section 4 of the act entitled "An act to suppress gaming and gaming places" denounces as a felony the exhibition or exposure to view of cards,

dice, roulette wheels, or any gambling instrument whatsoever in "barred or barricaded houses or rooms, or in any place built or constructed in such manner as to make it difficult of access or ingress to police officers or other officers, or protected, furnished, or equipped with speaking tubes, dumb-waiters, electric wires or bells or other apparatus for giving alarm from the outside or from the inside of such house or room when two or more persons are present," and provides: "And any and all persons who visit or resort to any such barred or barricaded house or room, or other place that is built, protected, or equipped in the manner described in this section, and where any cards, dice, roulette wheels, or any gaming implements whatever are kept or exposed to view when said persons visit or resort to such place for the purpose of gaming shall be guilty of a misdemeanor," etc.

The third count of the complaint, following the language of the statute, charges the misdemeanor therein denounced and was sufficient to sustain the judgment of the court.—*Kirk v. State, supra; Lee v. State,* 10 Ala. App. 191.

(2) The contention of appellant that, under section 76 of the Constitution of 1901, a vote of two-thirds majority of the members elected to each House is essential to the enactment of legislation at a special session on subjects not embraced in the Governor's proclamation calling the special session, was ruled against appellant in *State, ex rel. Meyer v. Greene, Judge, etc.,* 154 Ala. 249, 46 South. 268, where it was held that a two-thirds majority of a quorum of each House was sufficient. When the amendments to House Bill 301 were adopted as shown by the Journal of the House (House Journal, Special Session 1909, p. 653), these amendments became a part of the bill, and the Journals show that this bill after its amendment was passed by the House by the requisite majority and by message therefrom reported to the Senate, where it was regularly passed by a like majority, in accordance with the requirements of the Constitution.

Section 5 of the act provides: "That the presence of electric bells, wires, or signals, or dumb-waiters, or of other implements or appliances that may be used for the purpose of communicating with persons who are occupying a barred or barricaded room on or about the premises of a hotel, restaurant, billiard room or any room above the grade floor in the business district of any town or city, is prima facie evidence that gaming was being car-

[Thornhill v. The State.]

ried on by such parties in a prosecution against them, if they have the general reputation of being gamblers, and in all such cases proof of such general reputation is admissible in evidence."

The first and second counts of the complaint charged the defendant with gaming, and under this statute the general reputation of the accused as a gambler may become a legitimate subject of inquiry; but one essential of the predicate for such testimony is that the place where the game is carried on must be on or about the premises of a hotel, restaurant, billiard room, or a room above the grade floor in the business district of a town or city. The building in question is described in the evidence as "the Richardson building in Walker county, Ala., owned and operated by Bert Richardson," and while there was evidence from which it might be inferred that the building was in the city of Jasper, and that the floor where the game was carried on was above the "grade floor," there is nothing to show that the building was in the class named in the statute or that it was situated in the business district of a town or city. The statute makes certain facts in connection with proof of defendant's general character as a gambler prima facie evidence of his guilt and shifts the burden of proof.—Underhill on Criminal Evidence, 24a; Wynn v. State, 11 Ala. App. 182. This statute must be strictly construed against the prosecution and liberally to the defendant, and, unless the case is brought within the statute, proof of general character in the respect mentioned is not admissible unless the defendant first offers proof of his good character, which was not done. On this predicate laid, the evidence touching the defendant's general reputation as a gambler should not have been received, and the court erred in overruling the defendant's objection thereto.

The evidence was sufficient to afford an inference that the accused and others were engaged in gaming at the time the building was entered, and the affirmative charge as to the several counts of the complaint was well refused.

For the error pointed out, the judgment will be reversed.

Reversed and remanded.

ON REHEARING.

(3, 4) In disposing of this case on original consideration, in view of the statement in the bill of exceptions that it contained all the evidence offered on the trial, it was treated as though it

set out all the testimony. It is now called to our attention that this assumption should not prevail, in view of the fact that the bill of exceptions, after setting out the testimony of the witness John Gray, who was the first witness examined in behalf of the state, shows that Sam Day was examined as a witness in behalf of the state, "who testified in substance the same as the above witness John Gray, except when Gray was gone after the warrant he saw Bert Richardson put his hand upon the dresser the battery was on, and appeared to be doing something." The bill of exceptions further shows that all the testimony of the state's witness Shores is not set out. The sufficiency of the predicate to authorize proof of the defendant's general reputation as a gambler, in so far as it pertained to the character and location of the building, was a preliminary question to be determined by the trial court, and, in the absence of a showing that the bill sets out all the evidence, it will be assumed that the predicate was sufficient.—*Pope v. State,* 183 Ala. 61, 63 South. 71; *Harwell v. State,* 12 Ala. App. 269, 68 South. 500; *Whatley v. State,* 144 Ala. 75. And the fact that the bill of exceptions concludes with the statement that all the evidence is set out is not controlling when, as in this case, the bill shows on its face that all the evidence is not set out.—*Southern Ry. Co. v. Kendall & Co., infra,* 69 South. 328, and authorities there cited.

(5-7) The witness Shores, touching his competency to testify to the defendant's general reputation as a gambler, testified as follows:

"Q. Since you have been in the city, have you known Bob Thornhill, the defendant? A. Yes, sir. Q. Do you know his general reputation? A. Yes, sir. Q. What is his general reputation as a gambler?"

The defendant objected to this question on the ground that the proper predicate had not been laid. The Attorney General concedes that this objection goes to the qualification of the witness to testify as to the general reputation of the accused as to being a gambler. The accused, when this testimony was offered, had not testified as a witness in his behalf, nor had he in any way put his character in issue; therefore the only evidence as to the reputation permissible for the state to offer was his general reputation as a gambler.—Acts 1909, p. 186, § 5; Underhill, Criminal Evidence, § 77; *Balkum v. State,* 115 Ala. 117, 22 South. 532, 67 Am. St. Rep. 19; *Mitchell v. State, infra,* 70 South. 991.

[James v. The State.]

It is a familiar rule that a witness, to be competent, must have knowledge of the fact to which he deposes; in other words, before the witness can testify as to the general reputation of the defendant in the respect here in issue, it must be shown that he knows the general reputation of the defendant with respect to the trait involved.—*Williams v. City of Talladega,* 164 Ala. 633, 51 South. 330; *Elam v. State,* 25 Ala. 53. Knowledge of the general reputation of the defendant in the community necessarily embraces his general reputation with respect to being or not being a gambler, and when he qualified as to the general reputation the predicate was sufficient.—40 Cyc. 2198; *Tatom v. State,* 63 Ala. 147; *Elam v. State,* 25 Ala. 53; *Dave v. State,* 22 Ala. 23; *Kelly v. State,* 61 Ala. 19; *Hadley v. State,* 55 Ala. 31; *Jones v. State,* 104 Ala. 30.

The result is that the rehearing must be granted, and the judgment of the trial court affirmed.

Affirmed.