## Mitchell v. The State.

### Violating Prohibition Law.

(Decided June 30, 1916. 72 South. 507.)

1. **Appeal and Error; Review; Record.**—Where the transcript contains no bill of exceptions, rulings on the motion of accused to quash the proceedings, and the refusal of the written charges set out in the record proper cannot be reviewed.

2. **Same; New Trial.**—Where the transcript contains no bill of exceptions, the appellate court cannot intelligently review the action of the trial court in refusing to grant defendant motion for new trial, as required by Acts 1915, p. 722.

3. **Same.**—It is the statutory duty of the appellate court in criminal cases to review the record for error prejudicial, although there is no bill of exceptions.

4. **Evidence; Judicial Notice.**—The appellate court takes judicial cognizance that the name of the court at Ensley is the Inferior Court of Ensley, as established by Acts 1903, p. 698, and of its jurisdiction, and of the judge who presides therein.

[Mitchell v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

Henry Mitchell was convicted of violating the prohibition law, and he appeals. Affirmed.

MCQUEEN & ELLIS, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—This appeal is taken from a judgment of conviction for violation of the prohibition statutes. The prosecution was instituted upon an affidavit made before the judge of the inferior court of Ensley, having jurisdiction of a justice of the peace. The warrant issued was made returnable to the criminal court of Jefferson county.

(1, 2) A motion was made to quash the affidavit and warrant because both the jurat of the affidavit and the warrant were signed "F. O. Harris, Judge of the Inferior Court of Ensley County, Alabama." The transcript contains no bill of exceptions. This being true, appellant's motion to quash is not before us for review, and for the same reason the written charges set forth in the record as requested by appellant, and which the court refused to give, cannot be considered (*Weyms v. State,* 13 Ala. App. 297, 69 South. 310; *Josiah Clark v. State,* 14 Ala. App. 633, 72 South. 291; *Ex parte Watters,* 180 Ala. 523, 61 South. 904) ; and for the same reason appellant's motion for a new trial cannot be reviewed.—Acts 1915, p. 722.

(3, 4) Aside from these considerations, it is made our duty under the statute to examine the record proper for error prejudicial to appellant. Upon examination, we are of opinion that the question of the validity of the affidavit above adverted to, is without merit. This court takes judicial cognizance of the fact that the name of the Ensley court is the inferior court of Ensley (Local Acts 1903, p. 698), and as well of its jurisdiction and the public functionary who is its judge, and also that said court is in Jefferson county, and that there is but one court of that name in that county. The insertion of the county after the name of the judge and the court was mere repetition of the caption of both the affidavit and warrant, and the failure to write in the word "Jefferson" before the word "County" was a clerical misprision wholly unimportant, and the repetition of the county might

[Ogles v. The State.]

properly be disregarded as surplusage.—*Kirk v. State,* 14 Ala. App. 44, 70 South. 990; *Cary v. State,* 76 Ala. 78; *Sandlin v. State,* 76 Ala. 403; *Coleman v. State,* 63 Ala. 93; *Whitney v. Jasper Land Co.,* 119 Ala. 497, 24 South. 259. The affidavit was not void, and is sufficient to support the judgment herein.

. The record is without error. The judgment of the trial court is accordingly affirmed.

Affirmed. '