# Davenport v. The State.

### Violating Prohibition Law.

(Decided September 7, 1916. Rehearing denied October 19, 1916. 73 South. 209.)

**1. Indictment and Information; Language of Statute.**—A count charging in the alternative the manufacturing, selling, offering for sale, keeping for sale, or otherwise disposing of prohibited liquors, practically, in the language of the acts of 1915, p. 30, was sufficient, when construed in the light of the provisions of § 7151, Code 1907.

**2. Criminal Law; Trial; Record; Jury Demand.**—Where the bill of exceptions recited that the demand for jury in writing was dated, but not marked or endorsed "Filed" by the clerk, it will be presumed that the demand was not seasonably filed as required by Local Acts 1886-7.

**3. Bill of Exceptions; Construction.**—It is presumed that an appellant will make the best presentation of his appeal that the circumstances warrant, and hence, the bill of exceptions will be construed most strongly against the appellant.

**4. Appeal and Error; Review; Continuance.**—The refusal of a continuance is not revisable on appeal unless abuse is shown.

**5. Witnesses; Impeachment; Character.**—Character may be shown only by general repute in the community or neighborhood, and not by specific acts of delinquency, hence, an impeaching witness cannot be asked whether he ever caught the impeached witness stealing from his store.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Oscar Davenport was convicted of violating the prohibition law, and he appeals. Affirmed.

H. K. WHITE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—This appeal is prosecuted from a judgment of conviction for violation of the prohibition statute. The affidavit

contained six counts. A motion to quash was made, addressed to the affidavit as a whole, and demurrers were interposed addressed to the second and subsequent counts. The state elected to prosecute only under the first count; consequently we pretermit all discussion save as to that count.

(1) The first count charged defendant, in the alternative, with manufacturing, selling, offering for sale, keeping for sale, or otherwise disposing of, prohiibted liquors or beverages contrary to law. It is sufficient to charge these offenses in the language of the statute (Acts 1915, p. 30, § 29½; *Hancock's Case,* 14 Ala. App. 91, 71 South. 973; *Kirk's Case,* 14 Ala. App. 44, 70 South. 990) ; and they may be joined in the alternative in the same count (Code 1907, § 7151).

The bill of exceptions discloses a motion made by appellant that the cause be tried by a jury. Under the act creating the criminal court of Jefferson county a jury is deemed waived in misdemeanor cases unless "within ten days after [he] is arrested or taken into custody or * * * the court * * * assumes jurisdiction of [said] case" the accused file with the clerk of said court a written demand for a jury.—Acts 1886-87, p. 838, § 13. The bill of exceptions recites: "Said written demand for a jury was in typewriting, except the signature. * * * There appeared upon the face thereof at the bottom the words 'September 9th, 1915,' in a hand-writing not identified by testimony, but apparently the same handwriting as the signature. There was nothing on said slip of paper containing the written demand for a jury trial, other than said words 'September 9th, 1915,' to show when said written demand for a jury trial was filed in the office of the clerk of the court, and nothing to show that it was ever filed with the clerk of said court. It was not marked nor indorsed, 'Filed,' and the name of the clerk of the criminal court did not appear anywhere on said written demand for a jury trial. There was no evidence offered to the court by the defendant or his counsel in support of said motion."

(2, 3) For aught that appears from the transcript filed here, we do not know and cannot say that said written demand was timely filed. In the absence of an affirmative showing to the contrary, we must presume that the said demand was not seasonably filed. A bill of exceptions is construed most strongly against the appellant, as it is presumed that he will make the best presentation of his appeal the circumstances will warrant.—*Bickley*

[Crawley v. The State.]

*v. Sherrod*, 3 Ala. App. 545, 57 South. 1013; *Randall v. State*, 14 Ala. App. 122, 72 South. 215; *McClellan v. State*, 118 Ala. 122, 23 South. 732.

(4) The refusal of the trial court to grant defendant's motion for a continuance was a matter addressed to the sound discretion of that court, and not revisable on appeal; no abuse of discretion being made to appear.—*Sanderson's Case*, 168 Ala. 109, 53 South. 109; *Gilbert's Case*, 2 Ala. App. 94, 57 South. 127.

(5) The trial court properly sustained the objection of the solicitor to the question asked impeaching witness Smith as to whether he had ever caught one Sam Davis stealing in his (Smith's) store. Character may only be shown by general repute in one's community or neighborhood, and not by specific acts of delinquency.—*Jones' Case*, 76 Ala. 8; *Noel's Case*, 161 Ala. 25, 49 South. 824.

We discover no error in the record and the judgment of the court below is affirmed.

Affirmed.