(88 South. 45)

## LATIKOS v. STATE. (1 Div. 348.)

(Court of Appeals of Alabama. April 6, 1920. Rehearing Granted Nov. 9, 1920.)

1. RECEIVING STOLEN GOODS ⊚⟹9(1)—QUESTION OF GUILT OR INNOCENCE FOR JURY.

In a prosecution for receiving or concealing stolen goods, the question of defendant's guilt or innocence was for the jury.

2. CRIMINAL LAW ⊚⟹368(1)—TESTIMONY OF STATE'S WITNESS AS TO WHETHER OTHER WITNESS HAD ANYTHING TO DO WITH LARCENY OR WITH SELLING ADMISSIBLE AS RES GESTÆ.

In a prosecution for receiving or concealing stolen goods, testimony of a state's witness as to whether another state's witness had anything to do with the larceny of the milk involv-

ed or with the selling of same to defendant held admissible, it being competent to show what was said and done by those present during the commission of the offense, and the jury being entitled to all facts constituting res gestæ; it would have been permissible for defendant to show, if he could, that the other state's witness was involved in the transaction as tending to discredit him.

3. CRIMINAL LAW ⊚⟹338(6)—STATE PROPERLY PERMITTED TO SHOW ITS WITNESS WAS A DETECTIVE.

In a prosecution for receiving or concealing stolen goods, the state could show by its witness that he was a detective, as against defendant's contention that the fact might have a tendency to make the jury put more credence into witness' testimony than it otherwise would have done.

4. CRIMINAL LAW ⊚⟹1170½(1)—RULING PERMITTING STATE TO SHOW ITS WITNESS WAS A DETECTIVE HARMLESS TO DEFENDANT.

In a prosecution for receiving or concealing stolen goods, ruling of the trial court permitting the state to show by its witness that he was a detective held harmless to defendant.

5. WITNESSES ⊚⟹344(5)—WITNESS TESTIFYING TO BAD CHARACTER OF STATE'S WITNESS CANNOT SHOW SPECIFIC ACT OF STEALING.

In a prosecution for receiving or concealing stolen goods, defendant's witness was properly permitted to testify to the bad character of a state's witness, also to the fact that such state's witness had formerly worked for him, but the court properly declined to let witness state that while so employed by him the state's witness was caught stealing, specific acts of delinquency not being provable to establish bad reputation; character may be shown only by general reputation in one's community or where one is known.

6. WITNESSES ⊚⟹345(2)—CONVICTION OF LARCENY MAY BE SHOWN TO IMPEACH WITNESS.

The fact of conviction of the crime of larceny or other offenses involving moral turpitude in a court of competent jurisdiction may be shown in order to impeach a witness.

7. CRIMINAL LAW ⊚⟹379—INDIVIDUAL OPINION OF WITNESS AS TO DEFENDANT'S GOOD CHARACTER PROPERLY EXCLUDED.

Testimony of a witness, offered on defendant's general good character, that his opinion was what he individually thought about him, was properly excluded on motion by the state; character being provable only as a matter of general opinion or reputation.

8. CRIMINAL LAW ⊚⟹829(1) — INSTRUCTIONS NEED NOT BE REPEATED UNDER REQUEST.

A charge fairly and substantially covered by the court's oral charge was properly refused defendant.

9. WORDS AND PHRASES—"EVIDENCE" AND "PROOF" DISTINGUISHED.

The words "evidence" and "proof" are not synonymous, the former including the means by which any alleged matter of fact is established

or disproved, while the latter is the effect or result of evidence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Evidence; Proof.]

10. WITNESSES ☞397 — INSTRUCTIONS PROOF OF CONTRADICTORY STATEMENTS MIGHT RAISE DOUBT AS TO TRUTH OF WITNESSES PROPERLY REFUSED.

In a prosecution for receiving or concealing stolen goods, charges that proof of contradictory statements or declarations on a material point made by witnesses might be sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the proof of the witnesses were properly refused.

On Rehearing.

11. WITNESSES ☞414(2)—TESTIMONY OF DETECTIVE WITNESS THAT HE MADE TRUE REPORTS AND REPORT ITSELF INADMISSIBLE TO BOLSTER UP TESTIMONY.

In prosecution for receiving or concealing stolen goods, trial court erred in permitting the state's witness, a detective,' to testify he made reports in writing to his superiors as to the transactions he witnessed between defendant and another state's witness, and that the reports so made were true, the report itself also being inadmissible, such testimony not being proper for use to bolster up that of a witness.

12. WITNESSES ☞255(2)—WITNESS MAY REFRESH RECOLLECTION FROM MEMORANDUM.

A witness may be allowed to testify to all that he personally knows about the transaction in issue, and may refresh his memory by referring to a memorandum made by him.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Mitchell Latikos was convicted of receiving or concealing stolen goods, and he appeals. Reversed and remanded.

See, also, post, p. 655, 88 South. 47.

Brooks & McMillan and Charles W. Tompkins, all of Mobile, for appellant.

Counsel discuss the evidence, but without citation of authority. They insist that the charges requested should have been given. 21 South. 993; 58 Ala. 355; 106 Ala. 44, 17 South. 321.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error committed in the rejection of the evidence. 63 Ala. 80; 200 Ala. 265, 76 South. 31; 155 Ala. 99, 46 South. 459; 15 Ala. App. 325, 73 South. 209. Character can be proven only by general reputation. 100 Ala. 70, 14 South. 878. Counsel discuss the refused charges, but without citation of authority.

BRICKEN, P. J. This prosecution originated in the recorder's court. From a judg-

ment of conviction in that court, the defendant appealed to the circuit court, and was there tried by a jury upon a statement filed by the solicitor as required by Code 1907, § 6730. The defendant was charged with buying, receiving, or concealing, etc., a case of condensed milk of the value of $5, etc., knowing that it was stolen, and not having the intent to restore it to the owner. From a judgment of guilty in the circuit court, based upon the verdict of the jury, this appeal is taken.

[1] The testimony of the state tending to connect this defendant with the commission of the offense consisted of that of a negro, a self-confessed professional thief, who was corroborated only by the testimony of a paid negro detective, whose testimony is replete with contradictions and inconsistencies. However, the question of the guilt or innocence of the defendant was for the jury to determine, and, since no motion for a new trial was made, the only prerogative of this court is to determine whether the court erred in any of its rulings upon the trial of this case, and which rulings are complained of here.

[2] There was no error in overruling the objection made by defendant to the question propounded to witness Pickens when asked if Speed, the other state's witness, had anything to do with the larceny of the milk, or with the selling of same to defendant. It was competent to show what was said and done by those present during the commission of the offense, and the jury were entitled to all the facts and circumstances which constituted a part of the res gestæ. Certainly it would have been permissible for the defendant to show, if he could, that Speed was involved in the transaction; for in that event his testimony would have been burdened by that fact. Wray v. State, 2 Ala. App. 139, 57 South. 144.

[3, 4] There was no error in permitting the state to show by its witness Warner Speed that he was a detective. We are of the opinion that the criticism of the court's ruling in this connection is without merit, and that the insistence to the effect that the fact said witness was shown to be a detective might have a tendency to make the jury put more credence in said witness' testimony than it would otherwise have done is not well founded, for, as a general thing, the contrary to this insistence is true. In any event, we are of the opinion that this ruling of the court did not injuriously affect the substantial rights of the defendant to the extent of effecting a reversal of this case.

Several other rulings of the court upon the testimony were excepted to and insisted upon here as being error. However, we have carefully examined each of these rulings, and have failed to find any error therein. We do not deem it necessary to treat each of these

exceptions separately, as it would serve no good purpose to do so.

[5, 6] The defendant's witness George Harris was properly permitted to testify to the bad character of the state's witness Ed Pickens, and also to the fact that Pickens had formerly worked for witness, but the court properly declined to let witness state that while so employed by him Pickens was caught stealing, as it is not permissible to show specific acts of delinquency in order to establish the bad reputation of the witness inquired about, since character may be shown only by general repute in one's community, or in a community where he is known. Davenport v. State, 15 Ala. App. 325, 73 South. 209. The fact also of conviction of the crime of larceny, or other offenses involving moral turpitude, in a court of competent jurisdiction, may be shown in order to impeach.

[7] The evidence of the witness Gus Dimitris as to the general good character of defendant was on cross-examination to be based solely upon the individual opinion of the witness, he stating "that is what I individually think about him; I do not know what the people think about him." This evidence was properly excluded upon motion made by the state. Character, whether of a witness or of the defendant, can never be proven in this manner. The individual opinion of a witness as to character is not admissible, nor is evidence of the opinion of other individuals or certain classes, as distinguished from general opinion or reputation. Holmes v. State, 88 Ala. 26, 7 South. 193, 16 Am. St. Rep. 17; Jackson v. State, 78 Ala. 471; Buchanan v. State, 109 Ala. 7, 19 South. 410.

[8] Charge 2 refused to the defendant was fairly and substantially covered by the oral charge of the court; hence its refusal was not error.

[9, 10] Charges A and B refused to defendant are almost identical with the charges approved by the Supreme Court in the cases of Gregg v. State, 106 Ala. 44, 17 South. 321, and Williams v. State, 114 Ala. 19, 21 South. 993; the difference being that here the charges contain the word "evidence" instead of the word "proof," which of itself would have rendered these charges bad, for there is an obvious difference between the words "evidence" and "proof." The former, in legal acceptation, includes the means by which any alleged matter of fact the truth of which is submitted to investigation is established or disproved. The latter is the effect or result of evidence. Pretermitting, however, this discrepancy in said charges, it is sufficient to say that the charges have been held to be bad as not asserting a correct legal proposition, and the cases of Gregg v. State, supra, and Williams v. State, supra, relied upon by defendant and cited in brief, have been expressly overruled on this particular point. Brown v. State, 142 Ala. 287, 294, 38 South.

268; Hall v. State, 130 Ala. 45, 55, 30 South. 422; Knight v. State, 160 Ala. 58, 65, 49 South. 764. In treating this charge in these later cases supra, the Supreme Court said that the charge had a tendency to mislead the jury to discard the witness' testimony upon the mere consideration that it had been successfully contradicted as to a material fact, when they might have concluded that the witness had testified conscientiously touching that fact and was honestly mistaken in regard to it.

This disposes of each of the questions presented on this appeal, and, finding no error of a reversible nature in the rulings of the court, the judgment of conviction must be affirmed.

Affirmed.

### On Rehearing.

BRICKEN, P. J. [11, 12] Upon further consideration of the rulings of the lower court upon the evidence, we are of the opinion that the court erred in permitting the witness Warner Speed, over the objection of defendant, to testify he made reports in writing to his superiors as to the transactions he witnessed between the defendant and the state witness Ed Pickens, and that the reports so made were true. There was also error in allowing said report to be introduced in evidence by the state. The report was not relevant for any purpose, and the manifest purpose of all of this testimony was to bolster up the testimony of this witness, which up to that time had not been attacked; and this is not permissible under the well-settled rules of evidence, the general rule being that a witness may be allowed to testify to all that he personally knows about the transaction in issue, and to this end may be permitted to refresh his memory by referring to a memorandum made by him. But the rule cannot be extended to allow a witness to testify that he made reports in writing of the whole transaction, the subject-matter of his testimony, to his superiors, and that the reports were true; nor could the reports in question be introduced in evidence in connection with the testimony of the witness, by the party producing the witness; for, if this was the rule, it would necessarily extend so as to permit the superiors to testify that witness did so report, and also as to the contents of the reports so made, the result being that by this means extraneous, irrelevant, inadmissible, and illegal matters inimical to the interests of defendant, and which he could in no manner rebut, would be brought into the case, resulting in hurtful prejudice to defendant, and this the law does not permit or countenance.

The rehearing is granted. For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.