**Terry Ray TAYLOR, Petitioner,**

v.

**STATE OF ALABAMA, Respondent.**

**Misc. No. 2382.**

United States Court of Appeals,
Fifth Circuit.

June 8, 1972.

Terry Ray Taylor, pro se.

William J. Baxley, Atty. Gen. of Alabama, Montgomery, Ala., for respondent.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Assuming the allegations of his habeas corpus petition to be true (and in this case the allegations are supported by specific facts and affidavits), petitioner was abducted in Tennessee by Alabama State authorities and transported by them into Alabama where the petitioner was charged and convicted—on his plea of guilty—to a State charge of auto theft. Thereafter, petitioner sought federal habeas corpus relief in the United States District Court for the Northern District of Alabama, which was denied for failure of the petitioner to exhaust his Alabama remedies. The District Court also denied petitioner's application for certificate of probable cause to appeal and leave to appeal in forma pauperis. We affirm these holdings, but for a different reason than those proffered by the able District Court. Cf. Jackson v. Louisiana, 5 Cir., 1971, 452 F.2d 451.

██ Whatever may be the exhaustion requirements in this peculiar type of case, the Supreme Court has held on almost identical allegations that no federally cognizable claim has here been stated. In Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, the petitioner alleged that he had been kidnapped in Illinois by Michigan authorities and transported to Michigan where he was convicted of a State charge. The Supreme Court held that this action did not vitiate petitioner's conviction. "This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons

are now presented to justify overruling this line of cases." 342 U.S. at 522, 72 S.Ct. at 511. Thus, it is apparent that petitioner's petition for habeas corpus relief does not state a claim on which relief can be granted, regardless of the exhaustion doctrine.[1]

Application for certificate of probable cause to appeal and leave to appeal in forma pauperis denied.

---

I. The District Court was apparently also of the persuasion that petitioner's claim was waived by his guilty plea. We would point out that though the claim has been specifically rejected by the Supreme Court in *Frisbie, supra,* and *Ker, supra,* it is a complaint going to the *jurisdiction* of the convicting court and its

power to pronounce sentence over a particular defendant. Only non-jurisdictional defects are waived by a general plea of guilty.