James R. Turner was indicted by the grand jury for the unlawful possession of methylenedioxyamphetamine (MDA), a controlled substance. Trial was held on a plea of not guilty and the jury found the appellant "guilty as charged." The trial court sentenced appellant to ten years imprisonment in the penitentiary. This appeal followed.
On January 12, 1979, officers of the Montgomery Police Department executed a search warrant at a house on Michigan Avenue in Montgomery. Five males were in the house at that time, including the appellant. A number of drugs and drug-related paraphernalia were discovered on the premises during the search. The appellant and the four others were thereupon placed under arrest.
 I
Appellant argues that the trial court committed reversible error in refusing to grant his motion to exclude on the grounds that there was no showing that the informer was credible and that the affidavit on which the search warrant was issued was incorrect.
A careful review of the record, however, reveals that neither the search warrant nor its supporting affidavit was made a part of the record in this case.
It is well settled in this state that an affidavit and search warrant not contained in the record cannot be considered on appeal. Conner v. State, 6 Div. 495 (Ms. November 20, 1979), and authorities therein cited; Goodman v. State, Ala.Cr.App.,356 So.2d 691, cert. denied, 356 So.2d 698 (1978).
 II
Appellant next contends that the trial court erred in refusing to allow defense counsel to ask John Knukle, a prosecution witness, whether he had ever sold certain drugs. *Page 394 
The law in this state is clear that a witness may not be impeached by "specific acts of misconduct . . . which have no relevancy except as tending to show that he is a person of bad character as a whole or with respect to truth and veracity." Gamble, McElroy's Alabama Evidence, § 140.01 (10) (3d Ed. 1977); Stephens v. State, 250 Ala. 123, 33 So.2d 245 (1947);Davenport v. State, 15 Ala. App. 325, 73 So. 209 (1916).
 III
Appellant's final assertion of error concerns the following requested charge which was refused by the trial court:
 "The Court charges the jury that in order to convict an accused of possession of a prohibited drug or substance, the prosecution must establish that he was in actual or constructive possession of the narcotics, coupled with knowledge of the presence of the drug."
The following is taken from the trial court's oral charge to the jury (R. pp. 343-344):
 "The law as far as possession of illegal drugs is as follows: Any person who possesses any controlled substance is guilty of felony. I charge you that Methylenedioxyamphetamine is a controlled substance. The word possession means either actual possession or constructive possession or possession by physical dominion or control. The possession prohibited includes any possession by physical dominion ever how brief duration. Constructive possession and actual possession, there are three basic elements involved; actual or potential control, intention to exercise some dominion and some external manifestation of the intent and control. The State must also prove knowledge of the presence of the prohibited substance beyond a reasonable doubt; that is, the State must have also proved that the defendant knew that the controlled substance was there. Such guilty knowledge may be established by circumstantial evidence. It is not necessary to prove ownership in order to prove constructive or actual possession. An offense of possession either constructive or actual of illegal drugs is susceptible to a joint commission; that means more than one person might be in possession. Mere presence in a place where some contraband is found is not equivalent alone for constructive possession. Mere presence at the scene of a crime or failure to raise up a cry about the existence of a crime does not make a person an accessory to a crime. Constructive possession may be determined by weighing those facts which tend to support an accused's necessary control over the substance against those facts which demonstrate a lack of dominion and control."
Appellant's requested charge was clearly substantially and fairly covered by the trial court's oral charge. Therefore, the trial court did not err in refusing same. § 12-16-13, Code ofAlabama 1975; Mains v. State, Ala.Cr.App., 375 So.2d 1299
(1979), and authorities therein cited.
There being no error shown by the record on this appeal, this cause is due to be and is hereby
AFFIRMED.
All the Judges concur.