471 So.2d 482 (1984)
Erwin CALLENS
v.
STATE.
6 Div. 566.
Court of Criminal Appeals of Alabama.
March 20, 1984.
On Return to Remand January 8, 1985.
Rehearing Denied March 12, 1985.
Certiorari Denied May 24, 1985.
*483 Jerry N. Quick, Trussville, for appellant.
Charles A. Graddick, Atty. Gen., and J. Thomas Leverette, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 84-642.
SAM TAYLOR, Judge.
Erwin Callens, having been convicted of Violation of the Alabama Uniform Controlled Substances Act and sentenced to 10 years' imprisonment and a $25,000 fine, brings this appeal on several issues.

I
His principal argument is that he was denied a speedy trial. A table of the events leading up to appellant's trial is as follows:
February 2, 1980Appellant was arrested at his own residence after a search revealed the presence of cocaine, heroin and marijuana.
April 7, 1980Appellant was released from city jail to federal authorities for parole revocation hearing.
April 8, 1980Preliminary hearing in federal court concerning the parole revocation.
May 7, 1980Parole revoked by federal court and appellant ordered to serve 25 months in the federal prison at Talladega, Alabama.
July 11, 1980Appellant was indicted.

*484 August 13, 1980Letter sent to federal authorities by District Attorney Earl Morgan requesting temporary custody of appellant, pursuant to an indictment for violation of the Alabama Uniform Controlled Substances Act.
October 20, 1980Federal authorities notified District Attorney Earl Morgan that the request for temporary custody was received and appellant was available.
February 9, 1981Appellant returned to state authorities.
February 12, 1981Hearing on motion to dismiss indictment for denial of speedy trial. Appellant's motion for continuance granted.
February 17, 1981Trial date.
The total delay between the beginning of the criminal prosecution and the actual trial in this case was just over one year, from February 2, 1980, to February 17, 1981.
Appellant did not assert his right to speedy trial at any given point prior to his return to state authorities.
The reasons for the delay are quite understandable and are self-evident from the chronological list of events set out above. We are satisfied that the state was making a good faith effort to bring the appellant to trial.
There was no allegation that the appellant was prejudiced in any fashion by the delay in putting him on trial. His counsel contends that he may have been prejudiced in such matters as early parole or earning "goodtime."
We hold that post-conviction occurrences and Board of Corrections policies are not factors to be considered when determining whether an accused is prejudiced by the delay of his trial.
The appellant was in federal custody during half of the time of the delay, serving time on another charge. Of course, he gets credit for "time served" for the time he was in custody for no reason but the instant charges.

II
Appellant contends next that his due process rights were violated because he was not given a transfer hearing before being transferred from federal custody to state custody. He says that he refused to sign a "request for disposition of the indictment." It is not now nor has it ever been the law in this state that someone has to consent to being placed on trial for the commission of a crime. Neither does a convict have a right to refuse transfer from federal to state custody, and thereby defeat efforts to prosecute him for the crime. The state authorities had no control over his transfer to their custody. See Taylor v. Alabama, 465 F.2d 376 (5th Cir. 1972). We find no merit to this contention.

III
Appellant next contends that his due process rights were violated in that he had no preliminary hearing. It is apparent from the record and from the briefs that appellant made no demand for a preliminary hearing as called for in § 15-11-1, Code of Alabama 1975, and therefore, never exercised his right to such a preliminary hearing. This court has held that a subsequent indictment renders that issue moot. See Duncan v. State, 369 So.2d 885 (Ala. Cr.App.1979); Brown v. State, 392 So.2d 1248 (Ala.Cr.App.1980), writ. denied, 392 So.2d 1266 (Ala.1981).

IV
Appellant challenges the affidavit supporting the search warrant in the instant case. Neither the warrant nor the affidavit is a part of the record. When they are not part of the record their validity cannot be considered on appeal. Turner v. State, 380 So.2d 393 (Ala.Cr.App.1980).

V
It does appear that the court may have overlooked convictions for two prior felonies, evident of record, in sentencing the appellant. The Habitual Felony Offenders Act, § 13A-5-9, Code of Alabama 1975, has been held mandatory. Watson v. *485 State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). For this reason alone, we remand this case for reconsideration by the court on the matter of resentencing in compliance with the requirements of the Habitual Felony Offenders Act.
REMANDED FOR SENTENCING.
All the Judges concur except BOWEN, P.J., who concurs in result only.

ON RETURN TO REMAND
SAM TAYLOR, Judge.
We remanded this case with directions that a resentencing in compliance with the requirements of the Habitual Felony Offenders Act be conducted. The trial court, having complied with those directions, sentenced appellant Callens to a term of 10 years' imprisonment and a fine of $25,000.
The judgment of the trial court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.