McMILLAN, Judge.
The appellant was found guilty of robbery in the first degree and was sentenced to a term of life imprisonment.
The appellant is black and claims that the trial court erred in denying his motion for a mistrial because the prosecutor systematically excluded blacks from the jury. The record is not clear as to whether there were four or five blacks on the ve-nire; however, the State used its first three strikes to strike blacks from the jury. At that point, the defense counsel moved for a mistrial, asking that a new venire be drawn. His motion was overruled by the trial court. No explanations were given by the prosecutor as to the reasons for these strikes.
This case is due to be remanded to the trial court on the authority of Ex parte *336 Jackson, 516 So.2d 768 (Ala.1986). The trial court must give the prosecutor an opportunity to give race-neutral explanations for his use of the peremptory strikes. If he is unable to do so, and the trial court determines that the facts establish a prima facie case of purposeful discrimination, the appellant is entitled to a new trial. Should the trial court find no prima facie showing of purposeful discrimination, a return shall be filed with this court containing the evidence at this hearing and the trial judge’s findings following the hearing.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
In accordance with the Alabama Supreme Court decision in Ex parte Branch, 526 So.2d 609, modified on rehearing (Dec. 4, 1987), this cause is remanded to the trial court to conduct proceedings consistent with the guidelines adopted in the Branch opinion. The trial court is instructed to file findings of facts and conclusions with this Court within a reasonable time after the entry of this remand.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
ON RETURN TO REMAND
McMILLAN, Judge.
The appellant was convicted of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975). He was sentenced to a term of life imprisonment.
I
This cause was remanded to the circuit court in order for a hearing to be held pursuant to Ex parte Branch, 526 So.2d 609 (Ala.1987), modified on rehearing [Dec. 4, 1987]. In applying the Branch guidelines to the strikes in the instant case, the court found that the prosecutor gave race-neutral reasons for his strikes. The court further noted that, although the transcript concerning the questions and answers was limited, the questions appeared to have been race-neutral. The court stated that there was no evidence of past conduct by the prosecutor in using discriminatory strikes. The court found there was no evidence of a strike pattern in this case, although all five blacks were struck from the jury. The court found that the reasons given in this case were definite, specific, and factually predicated. Further, because of the lack of transcription of much of the questions and answers during the striking period, the court stated that it was unable to determine whether questions were directed to blacks that would invite strikes. The trial court found that there were no racially discriminatory strikes made by the prosecution under Branch.
After á thorough review of the trial court’s findings of facts, the reasons given by the prosecutor for his strikes, and what little transcript exists as to the voir dire and striking of the venire, we conclude that the prosecutor did not use his peremptory strikes for a discriminatory purpose.
II
The appellant argues that the trial court erred in admitting evidence of the appellant’s flight to Indiana. The following transpired during the direct examination of Sergeant Mitchell of the Birmingham Police Department:
“A Pursuant to that conversation with Mr. Nickerson did you make arrangements to make a request to meet with him later?
“A Yes.
“Q Did that meeting ever occur?
“A No, it didn’t.
“Q When was the next time that you heard of Mr. Nickerson’s whereabouts?
“[Defense counsel]: Your honor, I object to that. That has no relevancy.
“THE COURT: Overruled.
“A It was in January around the sixteenth.
“Q And what did you learn with respect to his whereabouts?
“A I learned that he was in Indiana. Gary, Indiana.
“Q And what did you learn about the circumstances?
*337 “[Defense counsel]: Your Honor, I object to that. I can’t see the relevancy.
“THE COURT: Well, perhaps it is relevant. This particular question I think is hearsay. I have to sustain the objection, although you don’t object on that score.”
Thus, the appellant’s initial objection was sustained by the trial court and there is no adverse ruling for our review. Stringfellow v. State, 485 So.2d 1238 (Ala.Cr.App.1986); Parker v. State, 482 So.2d 1336 (Ala.Cr.App.1985). Thereafter, during the direct examination of Ronald Edwards, of the Jefferson County Sheriff’s Department, the following occurred:
“Q Did you have an occasion in the month of January, 1984 to take this gentlemen, Mr. Samuel Nickerson, into custody?
“A Yes, I did.
“Q Where was that?
“A In Lake County, Indiana.
“Q Would that be Gary, Indiana?
“A Gary.
“[Defense counsel]: Your honor, I think we may need to take on voir dire. I think we have a question of maybe remoteness and relevancy, a number of things.
“THE COURT: Overruled.
“[Defense counsel]: We except.”
Defense counsel did not object to the question calling for information regarding appellant’s flight to Gary, Indiana, in January 1984, until after that information given by the witness. Thus, the objection was untimely. Reeves v. State, 456 So.2d 1156 (Ala.Cr.App.1984); Hunt v. State, 453 So.2d 1083 (Ala.Cr.App.1984); Watson v. State, 439 So.2d 762 (Ala.Cr.App.1983); Watson v. State, 398 So.2d 320 (Ala.Cr.App.), writ denied, 398 So.2d 332 (Ala.1980), cert. denied, 452 U.S. 941, 101 S.Ct. 3085, 69 L.Ed.2d 955 (1981).
Ill
The appellant argues that the trial court erred during the sentencing hearing by admitting into evidence a prior conviction from California. Despite the appellant’s argument that the conviction was not properly certified, the merits of his argument cannot be addressed because the record fails to include a copy of the conviction. Cf. Callens v. State, 471 So.2d 482 (Ala.Cr.App.1984); Hammins v. State, 439 So.2d 809 (Ala.Cr.App.1983); Moore v. State, 457 So.2d 981 (Ala.Cr.App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985).
OPINION EXTENDED; AFFIRMED.
All the Judges concur.