[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 643 
Murder; twenty-five years' imprisonment.
In the early morning hours of July 13, 1980, the appellant shot and killed his former girlfriend, Charissee Doughty. He also shot and wounded the victim's new boyfriend, Donald Williams, and attempted to commit suicide by slashing his wrists with a knife and a broken bottle. He pleaded not guilty, and not guilty by reason of insanity to the indictment charging him with the murder of Ms. Doughty.
The sufficiency of the evidence is not challenged in this appeal. Therefore, we will recite only those facts necessary to the discussion of each issue.
 I
Appellant contends the trial court improperly refused seven of his written requested instructions. He failed, however, to object at trial to the refusal of these charges. Therefore, the issue was not properly preserved for review. Allen v. State,414 So.2d 989 (Ala.Crim.App. 1981), aff'd, 414 So.2d 993 (Ala. 1982); Rule 14, Alabama Rules of Criminal Procedure, Temporary Rules.
 II
Appellant asserts that the State failed to prove the requisite chain of custody and therefore, the trial court erred in admitting the testimony of the forensic pathologist concerning the autopsy of the victim's body and a .32 revolver and two cartridges.
Macon County Coroner Ocie Burton testified that he went to the victim's apartment in Tuskegee between 4:30 and 5:30 A.M. on July 13, 1980. He examined the victim's body, which had a gunshot wound to the chest, and took custody of the body and a .32 pistol. He turned the body and pistol over to Carl Murdock, an employee of the Alabama Department of Forensic Sciences.
The forensic pathologist, Dr. Thomas Gilchrist, testified that a geomedical examiner field agent with the Department of Forensic Sciences delivered the body to the Montgomery City Morgue and that he (Gilchrist) performed the autopsy there on the afternoon of July 13, 1980. He determined the cause of death to be a gunshot wound to the chest. Gilchrist extracted a bullet from the body and delivered it to Lonnie Hardin.
Hardin, a firearms expert with the Department of Forensic Sciences, testified that he received a bullet from Gilchrist and a .32 revolver and two expended shells from Carl Murdock. Tests performed by Hardin revealed that the bullet received from Gilchrist and the two shells received from Murdock were all fired from the .32 revolver received from Murdock. In response to a question by the court, Hardin stated that Murdock is an autopsy assistant who works for Gilchrist and transports bodies for the Department of Forensic Sciences.
While the better practice would have been to have had Murdock testify, Bell v. State, 339 So.2d 96 (Ala.Crim.App. 1976), we cannot say that the admission of both the revolver and the testimony concerning the body injuriously affected appellant's substantial rights requiring reversal, Rule 45, ARAP. "The purpose in establishing a chain of custody is to show reasonable probability that the evidence has not been tampered with." Bell v. State, supra. Since the coroner and the forensic pathologist both testified that the victim had a gunshot wound to the chest, there existed a reasonable probability that there had been no tampering with the body. *Page 644 
The testimony of Hardin concerning the revolver showed only that it was the weapon which killed Ms. Doughty. The revolver was not linked to appellant by any type of scientific evidence such as fingerprints. Under these circumstances "all that need be established is a reasonable certainty that there has been no substitution, alteration, or tampering" with the revolver. Lynnv. State, 380 So.2d 366 (Ala.Crim.App. 1980). We think this requirement was met.
 III
Appellant maintains that the trial court committed reversible error in allowing two witnesses to testify that the victim had made complaints to them prior to her death.
Tuskegee Police Officer Henry Peavy testified that he was called to the victim's apartment around 10:45 or 11:00 P.M. on July 12, 1980. In the presence of the appellant, the victim "advised [appellant] was going to leave her residence and never come back again." Under Hargrove v. State, 368 So.2d 335
(Ala.Crim.App. 1979), the statement made by the victim to Peavy in the presence of appellant was properly admitted.
Harold Moss, a security officer with Tuskegee Institute, testified that the victim made a complaint to him on June 27, 1980. Peavy testified that he responded to a second telephone call from the victim early on the morning of July 13, 1980. The appellant was not present, but the victim made a complaint. Neither witness testified as to the nature of these complaints.
We think the mere fact that the victim made a complaint to Moss and a second complaint to Peavy was admissible as tending to show former acts of hostility by appellant toward the victim.
Former acts of hostility by the accused toward the victim may be proved for the purpose of showing motive or malice. Padgettv. State, 49 Ala. App. 130, 269 So.2d 147, cert. denied,389 Ala. 749, 269 So.2d 154 (1972).
 IV
Appellant insists that the trial court erred in denying his motion to suppress the confession and waiver of rights form given to Tuskegee Police Sgt. Eddie Browning. He argues that the confession was illegally obtained because he requested a named attorney before and while making the statement, but this request was denied.
Browning testified at the suppression hearing that he read appellant the Miranda warnings prior to questioning him. Appellant was also given an opportunity to read the warnings himself before signing the waiver of rights form. Browning stated that no threats, promises, or offers of reward were made to appellant to induce him to give a statement. Further, appellant did not request an attorney. Appellant made the statement orally and Browning wrote it down. In the statement, appellant admitted shooting Doughty and Williams and described his suicide attempt. Browning and appellant read over the statement together and appellant signed it. According to Browning, his interview with the appellant lasted approximately an hour.
Appellant testified at the suppression hearing that he twice requested a named attorney be contacted. These requests were denied by Browning, who told appellant he doubted that attorney would take appellant's case; that another attorney, a black attorney, would be obtained for appellant; and that appellant was going to make a statement no matter who his attorney was. According to appellant, he made and signed the statement before signing the waiver of rights form. Further, he was told his statement was wanted for comparison with the statements of other witnesses. On cross-examination, appellant acknowledged that he had no difficulty reading and that he was a junior at Tuskegee Institute at the time he made the statement. He further acknowledged that no one forced him to make the statement.
The voluntariness of an alleged confession is a question for the trial judge, Jackson v. Denno, 378 U.S. 368, *Page 645 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and is to be determined from a consideration of the totality of the circumstances in each case, Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274,4 L.Ed.2d 242 (1960). The trial judge's finding will not be disturbed on appeal unless it is manifestly wrong or palpably contrary to the weight of the evidence. Hewitt v. State,389 So.2d 157 (Ala.Crim.App. 1980); Kuczenska v. State,378 So.2d 1182 (Ala.Crim.App. 1979), cert. denied, 378 So.2d 1186 (Ala. 1980). Where conflicting evidence is presented, a finding of voluntariness must be given great weight and need only be supported by substantial evidence from which it can be inferred that the rules of freedom and voluntariness were observed.Moore v. State, 415 So.2d 1210 (Ala.Crim.App. 1982).
Appellant's testimony was in direct conflict with Browning's with regard to his request for an attorney. The weight and credibility to be attached to the testimony of each of these witnesses was for the trial judge to determine. We cannot say that his finding of voluntariness was manifestly wrong or palpably contrary to the weight of the evidence. Therefore, the admission of appellant's statement was not error.
 V
Appellant complains that the trial court committed reversible error in refusing to exclude a portion of Browning's testimony.
Browning's testimony before the jury was substantially the same as his testimony at the suppression hearing. After reading appellant's confession to the jury, however, Browning stated that "in a matter of minutes perhaps after we had completed the statement," he had a conversation with appellant in which appellant stated "he was not crazy" and "he was just in love with the young lady and it was something that he felt he needed to do because he was not willing to share her with anyone." It was Browning's testimony that these statements by appellant and the written confession were "more or less one continuous conversation."
Because they were both a part of the same conversation, the trial judge's finding that the written confession was voluntarily made would also extend to the comments by appellant. The fact that Browning did not testify as to these comments at the suppression hearing does not change this finding. The purpose of a suppression hearing is to determine the voluntariness of a statement, not its content. Moreover, appellant alluded to this second portion of the conversation with Browning when he testified at the suppression hearing.
 VI
Appellant's final assignment of error concerns the State's rebuttal witness, Anna Echols. He argues that Echols testified "to nothing that was in rebuttal to any portion of testimony for the defendant" and therefore her testimony should have been excluded.
Appellant presented evidence as to his mental state prior to the shooting. Echols testified that she received rent checks from the appellant during this time and he seemed perfectly normal when he delivered them. The admission of rebuttal testimony is within the trial court's discretion. Crow v.State, 365 So.2d 1254 (Ala.Crim.App.), cert. denied,365 So.2d 1256 (Ala. 1978). No abuse of discretion was shown in this case.
For the reasons stated above, the judgment of conviction by the Macon Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 646