UNITED STATES of America,
Plaintiff-Appellee,

v.

Billy Ray McCRARY,
Defendant-Appellant.

No. 82-7100
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 18, 1983.

J. Stephen Salter, Birmingham, Ala. (Court-appointed), for defendant-appellant.

Frank W. Donaldson, U.S. Atty., Bill L. Barnett, Jack W. Selden, Asst. U.S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

FAY, Circuit Judge:

Billy Ray McCrary appeals his conviction by a jury of the following offenses: bribing a public official in violation of 18 U.S.C. Section 201(b)(3); aiding and abetting the introduction of contraband into a Federal Correctional Institute in violation of 18 U.S.C. Section 1791, and aiding and abetting the unlawful distribution of a Schedule II controlled substance in violation of 21 U.S.C. Section 841(a)(1). Mr. McCrary argues that a variance existed between the proof adduced at his trial and the charges in his indictment, that prejudicial evidence was admitted at his trial of uncharged criminal conduct, that requested available impeaching evidence was not provided, and

1. Under 18 U.S.C. Section 1791, anything brought into a federal correctional institution, not authorized constitutes "contraband" and is punishable under this section. There is no

that the evidence was insufficient to support his conviction. Mr. McCrary contends that these factors require reversal of his convictions. We disagree and affirm the district court.

## I. BACKGROUND

Billy Ray McCrary, an inmate of the Federal Correctional Institute in Talladega, Alabama, was charged in a four count indictment. Count One charged him with bribing Correctional Official Lorenzo Cohill of the United States Bureau of Prisons for the purpose of inducing Cohill to bring "contraband commodities" into the institution. Count Two charged him with introducing three packs of Winston 100 cigarettes [1] into the correctional institution on or about February 15, 1981. Count Three charged him with introducing four more packs of Winston 100 cigarettes into the correctional institution on or about March 4, 1981. Count Four charged him with distributing 1.3 grams of methaqualone, a Schedule II controlled substance.

## II. VARIANCE

Mr. McCrary argues that a fatal variance existed between Counts Two and Three of the indictment and the government's proof at trial. Specifically, he argues that he was charged with bringing cigarettes into the prison with the aid of Correctional Officer Lorenzo Cohill, but the government offered evidence and argued in closing argument that Mr. McCrary actually brought in methaqualone or "Quaaludes" in cigarette packages.

 Not every variance is fatal. *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). Reviewing a claim of variance requires use of a two step analysis: (1) was there in fact a variance between the indictment and proof, and (2) was the variance prejudicial. *United States v. Canales,* 596 F.2d 664 (5th Cir.1979).

question that any article whatsoever, including cigarettes, can be contraband if it is not authorized by the warden of the institution.

It is not clear that a variance in fact occurred in Mr. McCrary's trial. There was testimony by Mr. Cohill that the cigarette packages he brought to Mr. McCrary felt soft, like cigarettes, and contained nothing which felt hard, like capsules. (Trial transcript p. 132). Other evidence did seem to indicate that Mr. McCrary was receiving and selling Quaaludes, but this activity was specifically charged in Count Four of his indictment.

More importantly, if a variance did occur, it is clear that no prejudice resulted. As the Supreme Court has made clear, "The true inquiry, therefor, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused." *Berger v. United States, supra.* Mr. McCrary has failed to show any prejudice which may have resulted from the alleged variance or that any substantial right has been affected. The statute under which he was charged in Counts Two and Three prohibit the bringing in of cigarettes *or* Quaaludes. Mr. McCrary suffered no lack of notice of the charges against him under these counts. He will not be heard to complain when—even if he proved that there were in fact Quaaludes in the Winston 100 packs—he still would have been convicted.

## III. EVIDENCE OF UNCHARGED CRIMINAL CONDUCT

Mr. McCrary argues that evidence presented by the government of criminal activity at times other than those cited in his indictment requires reversal of his conviction. Specifically, Mr. McCrary objects to testimony by witnesses that he dealt in marijuana and Quaaludes on several other occasions not specifically covered in the indictment.

We agree with the government's contention that this evidence is inextricably intertwined with the evidence used to prove the crime charged and is therefore admissible. *United States v. Aleman,* 592 F.2d 881 (5th Cir.1979). Such evidence is not "extrinsic". *See* Federal Rule of Evidence 404(b). The evidence presented here was not so greatly separated in time or nature as to be extrinsic.

Further, even if the evidence of Mr. McCrary's numerous other illegal dealings is treated as "other acts" evidence, it is admissible under the tests set out in *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1979) (en banc). In *Beechum* we held that extrinsic acts could be admitted if, as required by Federal Rules of Evidence 404(b), the evidence is relevant to an issue other than the defendant's character, and if, as required by Rule 403, the probative value of the evidence is not substantially outweighed by unfair prejudice arising from its admission. Here, the evidence of other occasions of drug activity in the institution under similar circumstances and times is admissible to show a common plan, scheme or design. Evidence shows that Mr. McCrary paid the same prison official, Mr. Cohill, more than once to induce him to bring in contraband. "If the uncharged offense is 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other, the general rule of exclusion does not apply.'" *United States v. Beechum, supra,* at 912, n. 15. This probity-prejudice assessment is properly made by the trial court. *United States v. Beechum, supra.* The trial court here overruled all three of the defense's motions to exclude this evidence because the evidence presented concerned activities "within the time frame" of February and March, 1981, and was relevant for purposes other than to prove Mr. McCrary's character. We see no reason to upset this ruling.

## IV. SUFFICIENCY OF THE EVIDENCE

Mr. McCrary also argues that the evidence presented by the government was insufficient to support his convictions. In assessing the sufficiency of the evidence supporting a criminal conviction, the standard of review is: "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of

guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence." *United States v. Bell,* 678 F.2d 547 (5th Cir.1982) (Unit B, en banc). Viewing the evidence presented in this case and the inferences that may be drawn from it in the light most favorable to the government, see, e.g., *United States v. Miller,* 693 F.2d 1051 (11th Cir.1982); *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we conclude that it was sufficient to sustain the convictions. There was a great deal of evidence and testimony presented that could and did lead to a conclusion of guilt. We do not believe that this evidence was insufficient.

### V. SUPPRESSION OF EVIDENCE

█ Mr. McCrary argues that he was denied due process of law when the government refused to produce requested evidence concerning certain other prison inmates who were called as government witnesses. Specifically, Mr. McCrary requested prison records of prior infractions of correctional institution rules by four government witnesses. This information was sought for impeachment purposes only.

In *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), the Supreme Court determined that prosecutorial failure to reply to a specific defense request for information in its possession but unobtainable by the defense constituted a denial of due process. This court has enunciated three requirements that the defense must meet to establish a successful claim: "(1) the prosecutor's suppression of the evidence, (2) the favorable character of the suppressed evidence for the defense, and (3) the materiality of the suppressed evidence." *United States v. Preston,* 608 F.2d 626 (5th Cir.1979), *quoting United States v. Delk,* 586 F.2d 513 (5th Cir.1978). Even assuming that Mr. McCrary has met the first two criteria, he has clearly failed to meet the materiality requirement. Mr. McCrary

sought information of these witnesses' prior infractions to show that they had been afoul of regulations, used drugs and that drugs and drug dealings were widespread before McCrary became an inmate. (Trial Transcript, p. 84–85). But the long rein given Mr. McCrary's attorney at trial on cross-examination brought all of these facts plainly before the jury. No prejudice did or could have occurred by the refusal to produce administrative records. *See Garrison v. Maggio,* 540 F.2d 1271 (5th Cir.1976). The facts which Mr. McCrary sought to put before the jury were, in fact, shown.

The convictions are AFFIRMED.