LEIGH M. CLARK, Retired Circuit Judge.
The prosecution of this case in the trial court had an ill-starred beginning. We are called upon by the only issue presented on appeal to determine whether its end can be lawfully saved from the disaster that its commencement seemed to augur.
The case commenced in the trial court by two indictments returned against this ap *9 pellant on the same day for the same crime, the crime of theft in the second degree. One indictment charged in pertinent part:
“... Phillip Dunklin ... did knowingly obtain or exert unauthorized control over, to wit: 1 stereo component with two remote speakers, the property of William Rudolph, of the value of, to wit: $430.00, with the intent to deprive the owner of said property, in violation of § 13A-8-4 of the Code of Alabama.”
The other indictment was in the identical language of the one just quoted in pertinent part, with one exception, which exception is that a phrase, “taken from or in a building where, said property was stored,” is inserted between “$430.00” and the phrase, “with the intent to deprive the owner of said property.”
The mistake that was made in the drafting of two indictments, instead of only one, is attributable perhaps to the confusion resulting from the transition from some of the former legal concepts as to burglary and larceny to those wrought by Alabama Criminal Code, effective January 1, 1980.
Six separate sub-sections of § 13A-8-4, Alabama Criminal Code, classify six separate methods by which theft of property in the second degree is committed. In one indictment, § 13A-8-4(a) was utilized, which provides:
“The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.” Section 13A-8-4(e) provides:
“The theft of property which exceeds $25.00 in value, and which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree.”
According to the undisputed evidence in the instant case, the property involved, which was correctly described in each indictment, had a value of more than $100.00 and less than $1,000.00, which made § 13A-8-4(a) applicable; it was not taken from a building where said property was sold or stored, which makes § 13A-8-4(e) inapplicable.
Just when the blunder was first observed by all concerned is not revealed by the transcript or the record proper. Both indictments were returned on May 24, 1982; defendant was arraigned and found guilty on December 6, 1982. On account of his indigency, an attorney was appointed for him to represent him on arraignment and on the trial. The same attorney was appointed by the trial court to represent him on this appeal. According to the brief of counsel for appellant, there was a trial of the case previous to December 6, 1982, but as to which a mistrial was declared by reason of the inability of the jury to agree on a verdict.
At the conclusion of the court’s oral charge to the jury that afterwards returned a verdict finding defendant guilty in the instant case, the following occurred, out of the presence of the jury but before the jury was permitted to commence its deliberations:
“THE COURT: Are there any objections or exceptions to the Court’s oral charge by the State?
“MR. ANDREWS [Assistant District Attorney]: State’s satisfied.
“THE COURT: By the Defendant?
“BY MR. WILSON [Defendant’s attorney]: The reading of the code concerning theft of property definition, you did not cover the paragraph of property taken in and from the building, but you covered it at a later point.
“THE COURT: That is not in the definition, I don’t believe.
“MR. WILSON: It’s in paragraph, sub-paragraph E [which we construe as (e) ], I believe, Judge. But you did cover that later in your definition.
“THE COURT: Let me get it and check it. The definition of theft of property? “MR. WILSON: In the second degree, Judge, when you go to the portion in the second degree.
“THE COURT: Theft of property exceeds $25.00, is that what you are talking about?
*10 “MR. WILSON: Yes, sir.
“THE COURT: Okay.
“MR. WILSON: In this specific indictment you remember there were two indictments that were found, this indictment is the one that they were going on. “THE COURT: All right.
“MR. WILSON: I don’t know if that means anything.
“THE COURT: Are there any others? “MR. WILSON:
“THE COURT: Now, ladies and gentlemen, it’s been called to my attention that in reading to you the definition of theft of property in the second degree I neglected to read you one of the paragraphs that is pertinent to this case. So I will read that for you again. This comes from Section 13A-8-4, which sets out theft of property in the second degree and it says:
“The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 and which is not taken from the person of another constitutes theft of property in the second degree.
“Also under sub-section E [§ 13A-8-4(e) ] in value and which is taken from or in a building where said property is sold or stored constitutes theft of property in the second degree.
“All right. I have prepared the two forms of verdict, ladies and gentlemen, you may take them.
“(Whereupon, the Jury retired from the courtroom and proceedings were in recess, after which the following occurred, to-wit:)
“(Whereupon, the jury returned to the courtroom and the following proceedings occurred, to-wit:)
“THE COURT: All right.
“THE FOREMAN: Can I come up there and ask you something?
“THE COURT: No, sir. You will have to do it from back there.
“Do I understand, ladies and gentlemen, that you have some question you want to ask?
“THE FOREMAN: Yes, sir.
“THE COURT: Yes, sir.
“THE FOREMAN: One of them, one of us wants to read wants the indictment read. She would like to hear it again. “THE COURT: All right, sir.
“The indictment in its pertinent part reads as follows:
“The Grand Jury of said county charge that before the finding of this indictment Phillip Dunklin, alias Phillip Duncan, whose name is to the Grand Jury otherwise unknown, did knowingly obtain or exert unauthorized control over, to-wit: 1 stereo component with two remote speakers, the property of William Rudolph, of the value of, to-wit: $430.00, taken from or in a building where said property was stored, with the intent to deprive the owner of said property, in violation of 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.
' “Are there any other questions?
“A JUROR: No, sir.
“THE COURT: All right. You may return to the jury room.
“(Whereupon, the jury retired from the court room and proceedings were in recess, after which the following occurred, to-wit:)
“It was then that the jury returned with a verdict finding defendant guilty of theft of property in the second degree, as charged in the indictment.”
In one phase of his argument in his brief, counsel for appellant says:
“When the defendant is charged with two different indictments in the same case, the charge is riot specific enough to allow him to know what to face at trial. In this case, the defendant did not know until he went to trial what he had to answer.”
Although we agree with counsel for appellant that many concerned, including the defendant, were perplexed by reason of the unfortunate return of two indictments, instead of only one, we think the facts shown by the record were sufficient to apprise the defendant and his counsel that defendant *11 was being tried on only one indictment, the one that confusingly and unfortunately charged him with theft of property “taken from or in a building where said property was stored,” which allegation was not proved by the evidence. We are convinced that defendant knew before “he went to trial what he had to answer.”
In the only other phase of appellant’s argument in support of his contention for a reversal, it is stated:
“Before defendant can be convicted, a trial based on indictment, proof must conform to the indictment which has been presented against him, Thompson v. State, 249 So.2d 644, 47 Ala.App. 28 (1971).”.
The case cited supports the language of defendant’s argument. However, there was not involved in the cited case any immaterial language of an indictment, and the case cited is inapposite to this case, in which the language, “taken from or in a building where said property was stored,” was sur-plusage. There is no material variance where there is proof of so much of an indictment as shows that defendant committed a substantial offense specified therein. House v. State, Ala., 380 So.2d 940 (1979). Variance between an indictment and proof is immaterial when the alleged variance may be treated as surplusage. Dailey v. State, Ala.Cr.App., 374 So.2d 414 (1979).
As to the only issue presented by appellant, we conclude that the handling of the case by the trial judge was free of any error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.