Appellant was convicted of possession of marijuana in violation of § 20-2-70, Code of Alabama 1975. Sentence was fifteen years in the penitentiary. Four issues are presented for our review.
 I
Hammins contends that there was insufficient evidence of his knowledge of the presence of marijuana in the car he was driving at the time of his arrest. On the basis of an informant's tip, Hammins and one James Watt were put under surveillance by agents of the F.B.I. and members of the Mobile Police Department.
Hammins was the driver of the car when stopped and had been the only person seen driving the car during the course of a two-day surveillance. At one point, after his arrest, he told a police officer that he owned the car but later retracted the statement. The marijuana was found in the trunk compartment of the car. There was one passenger in the car with Hammins when he was arrested. There were no suspicious or incriminating circumstances surrounding Hammins's activity.
The mere presence of a defendant in an automobile containing contraband is insufficient to sustain a conviction for possession. There must be additional circumstances from which knowledge of the presence of the contraband can be inferred.
In the case sub judice, Hammins, as the driver of the automobile, had complete possession, dominion, and control over the area where the contraband was found, namely, the trunk of the vehicle. It is highly unusual for anyone to have access to the trunk of a vehicle without the driver's knowledge. This is not a case in which the accused just happened to be driving a car with which he had little connection; he had been the only person Mobile area law enforcement officials had seen drive the car over a two-day period. Additionally, Hammins initially indicated that the car belonged to him. This was later disputed, but it seems clear that he had complete and total use of the car. These circumstances justify the inference that he knew of the presence of marijuana. Reed v. State, 368 So.2d 326
(Ala.Cr.App. 1979); Corrao v. *Page 811 State, 154 Ind. App. 525, 290 N.E.2d 484 (1972).
 II
Hammins next contends that there was insufficient probable cause to support the issuance of the search warrant for the vehicle in question. The State argues that Hammins has no standing to challenge the search because he did not own the vehicle or have a possessory interest in it. It is clear that the appellant did have a possessory interest in the vehicle; if it had been otherwise, there would have been nothing from which to infer his knowledge of the presence of the contraband.
The State does point out, however, that the search warrant and its supporting affidavit are not in the record on appeal. Although a transcript of the suppression hearing is provided, it contains only the arguments of the attorneys which, in turn, are directed toward the missing affidavit. It is well settled that an affidavit and search warrant not contained in the record cannot be considered on appeal. Turner v. State,380 So.2d 393 (Ala.Cr.App. 1980). Even if the issue had properly been before the court, its merit is doubtful in light of the recent decision of Illinois v. Gates, ___ U.S. ___,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
 III
Hammins's next issue concerns the waiver of his right to remain silent. Police Officer Mote, on voir dire, testified that he read the Miranda warning to appellant while transferring him to city jail. He further testified that although Hammins did not orally answer, he indicated that he understood his rights. Hammins offered no rebuttal evidence, and, on the basis of the officer's testimony, the judge allowed the statement to be admitted.
The voluntariness of a confession is determined by the judge in the exercise of enlightened discretion and his decision will not be disturbed unless it is palpably contrary to the great weight of evidence. Burks v. State, 353 So.2d 539 (Ala.Cr.App. 1977). He need only be convinced by a preponderance of the evidence that it was voluntarily made. Manigan v. State,402 So.2d 1063 (Ala.Cr.App. 1981). In the instant case, the only evidence that cast any doubt on the voluntariness of the confession was Officer Mote's testimony that he did not remember in what manner Hammin had indicated that he understood his rights. This testimony was brought out after the ruling on the statement's admissibility, causing it to go to the weight and not the admissibility of the statement.
 IV
The last issue concerns improper closing arguments by the District Attorney. During the course of his argument, the D.A. indicated that Hammins went to Atlanta to buy the contraband in question. There had been no evidence to that effect presented at trial. Later the D.A. told the jury that he had been associated with the case for a number of years and he knew a lot more about it than he could tell the jury.
Counsel objected to both statements and moved for a mistrial. His objections were sustained but his motions were denied. On both occasions the judge gave curative instructions that included the following: (1) that statements by attorneys are not evidence; (2) that the verdict must be based on the evidence; (3) that if the jury's recollection of the facts differs from a statement made by an attorney, they should disregard the attorney's statement; and (4) that they must not speculate.
When improper arguments are made to the jury, they will be considered eradicated by the trial judge if he sustains objections thereto and gives appropriate instructions to the jury. When prejudicial remarks have been made, the action of the trial court in regard to the arguments is reviewed with all presumptions in favor of such actions. There is a prima facie presumption against error where the trial court immediately charges the jury to disregard the prosecutor's improper remarks. Chambers v. State, 382 So.2d 632 (Ala.Cr.App. 1980). *Page 812 
For the foregoing reasons, the judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.