TYSON, Judge.
John Webb was indicted for theft of property in the first degree, in violation of § 13A-8-3, Code of Alabama 1975, and for burglary in the third degree, in violation of § 13A-7-7, Code of Alabama 1975. The jury found the appellant guilty of both charges. The trial court sentenced him to 10 years’ imprisonment on each charge, said sentences to run concurrently, and ordered the appellant to make restitution in the amount of $100.00.
Appellant’s counsel submitted a motion to suppress a statement made by the appellant, while in custody, prior to trial. The trial judge held a hearing on the motion to suppress during the trial, but outside the presence of the jury.
Corporal E.R. Crew of the Montgomery Police Department testified he was working as an investigator on December 5, 1982. He stated that in the early morning hours he was called to investigate a burglary and theft at Harper-Lee Machinery Company. In his investigation he met with John Webb, who had been arrested for the offense, in the Montgomery Police Headquarters at approximately 1:00 a.m. He testified that he advised the appellant of his constitutional rights with the standard Miranda rights form and that the appellant refused to sign the form. He further stated that the appellant refused to talk with him about the case. Officer Crew also testified that he was called out on another investigation at 1:42 a.m. and that he left the appellant at that time and did not return until approximately 7:00 a.m. the same morning. He stated that upon his return, he observed Officer Grimsley taking a statement from the appellant.
Officer J.T. Collier testified that he was working investigation on December 5,1982, along with Officer Crew. He stated that he was responsible for inventorying the property taken from Harper-Lee Machinery. He stated that he was in the process of the inventory when Officer Crew was called out on another investigation. He further testified that he was there when Officer Grimsley arrived. Collier testified that no one else talked with the appellant between the time Officer Crew talked with him and Officer Grimsley’s arrival.
Officer Jeff Grimsley testified that on the morning of December 5, 1982, he had gone to the investigative department to talk with a Sergeant about a transfer. He stated that upon entering the department, he saw John Webb and went in to talk to him about why he was there. Upon the appellant’s advising him of the reason he was there, Officer Grimsley stated that he asked Officer Collier about why he was there and was informed of the charges and that the appellant had refused to talk to them. He stated that he went back to see the appellant again and asked him if he would talk to him since the appellant knew him. He further testified that the appellant said he would. He stated that he read the appellant his Miranda rights and that the appellant signed the waiver of rights form. He further stated that he in no way threatened, forced, coerced or induced the appellant into making a statement, and that he did not promise any benefits to him if he would talk to him. He stated that the appellant then proceeded to give him a confession which was typed and signed by the appellant.
On cross-examination, Officer Grimsley testified that he did not recall telling the appellant that it would look better for him if he would give a statement, but that it was possible that he could have done so.
The appellant, John Webb, testified that, after his arrest, and upon being read his constitutional rights at police headquarters, he told the officers he did not want to make *866 a statement and requested an attorney. He stated that at this time the officers ceased their interrogation. He further stated that a police call came in and Officer Crew left to investigate that call, but returned approximately thirty minutes later and began interrogating him again. John Webb testified that at this point Officer Crew struck him and left. He stated that after this he was left alone until Officer Grimsley came in and asked him why he was in the station. He stated that Officer Grimsley then left the room, came back in a few minutes and asked whether he wanted to talk about the case. He stated that he gave Officer Grimsley a negative reply and Officer Grimsley left the room. He stated that the officer returned once again and made the statement that it would look better for him if he made the statement. He stated that at this point he decided it would be better to talk to Officer Grimsley, to “get it over with”.
The trial court denied the motion to suppress the confession.
I
The sole issue on appeal is the voluntariness of the confession made by the appellant while in custody. The appellant contends that the trial court erred in admitting the confession into evidence. Specifically, the appellant argues (1) he was coerced into making a statement, and (2) he requested counsel and the officers did not obtain counsel for him.
(A)
When the evidence on the circumstances surrounding the appellant’s confession is conflicting on voir dire, the trial judge must determine its admissibility. If admitted, then the controverted testimony for the defendant goes to the jury on the confession’s credibility. Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence. Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982); Myers v. State, 401 So.2d 288 (Ala.Cr.App.1981); Balentine v. State, 339 So.2d 1063 (Ala.Cr.App.), cert. denied, 339 So.2d 1070 (Ala.1976); Taylor v. State, 337 So.2d 1368 (Ala.Cr.App.1976). In this cause, the trial judge held the appellant’s confession to be voluntary and admissible and this decision was not contrary to the great weight of the evidence. Wiggins v. State, 440 So.2d 1164 (Ala.Cr.App.1983).
(B)
Moreover, the appellant’s contention that he was coerced into making the confession by Officer Grimsley’s alleged statement that it would look better for him if he made a statement, thus rendering the confession involuntary lacks merit in this cause. “A policeman’s advice or exhoration to an accused ... to tell the truth or that it would be better to tell the truth, unaccompanied by threat or promise, does not render involuntary the subsequent confession.” Parker v. State, 351 So.2d 927 (Ala.Cr.App.), writ quashed, 351 So.2d 938 (Ala.1977); Raines v. State, 428 So.2d 206 (Ala.Cr.App.1983).
The instant case is not affected by the rule announced in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), as the facts do not support any claim that the appellant requested counsel prior to making his confession.
This record is free of error. The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.