TYSON, Judge.
Earnest Quincy Paulk was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama 1975. The jury found Paulk “guilty of the offense charged in the indictment” and the trial judge sentenced him to 20 years in the penitentiary.
The appellant does not challenge the weight and sufficiency of the evidence in this cause. Therefore, we will address only such facts as are necessary to dispose of the single issue presented for review.
I
The appellant contends that the trial court erred in admitting into evidence his tape recorded statement to police. He argues that such statement was involuntary and induced by threats from the police to the effect that he would be charged with attempted murder.
Ken Swindle testified that he was employed as a police officer with the City of Tuscaloosa Police Department on February 21, 1983. He and Detective Larry Wood drove to Fosters, Alabama, to question Paulk about a robbery. They advised the appellant of his Miranda rights and told him that he did not have to talk with them. Paulk voluntarily agreed to go with them to the police station to discuss this matter. Upon arrival at the Tuscaloosa Police Department, the appellant gave a statement to Swindle which, in essence, denied any knowledge of the robbery under investigation. This statement was given after the appellant had again been advised of his Miranda rights. Swindle stated that neither he nor anyone in his presence threatened, coerced, intimidated or promised any reward for making a statement and that Paulk freely and voluntarily waived his rights. This statement was taken at approximately 9:45 a.m.
Later that same day, at approximately 2:00 p.m., the appellant gave a tape recorded statement to Swindle and Wood. Swindle testified both on voir dire and before the jury, that before Paulk made this second statement in which Paulk admitted his involvement in the robbery, he again was advised of his Miranda rights. The appellant indicated that he understood those rights and then read and signed a written waiver of rights form. Swindle again testified that neither he, nor anyone in his presence or knowledge, threatened, intimidated, coerced or induced Paulk into giving the statement. He stated that the appellant was not promised any reward or otherwise induced to make the statement. Swindle denied that he threatened the appellant in an attempt to get him to change his first statement. He further denied that he or anyone else told the appellant that he would be charged with attempted murder.
At the conclusion of the voir dire examination, the trial judge allowed the statement into evidence as being freely and voluntarily given.
The appellant testified that he was told by police officers that unless he changed his statement he would be charged with attempted murder and placed in the county jail without bond.
Swindle testified in rebuttal that the appellant was not threatened or intimidated and that the appellant elected to change his statement after having been confronted with the statement of a co-defendant.
“The State must show both a voluntariness and a Miranda predicate in order for a statement to be deemed admissible.” Thomas v. State, 373 So.2d 1149 (Ala.Crim. App.), affirmed, 373 So.2d 1167 (Ala.1979). *668 The prosecution brought forth testimony which properly showed that the defendant was advised of his Miranda rights, that he had not been threatened, intimidated, coerced or promised any reward for making a statement, or that he was otherwise induced, and that he freely and voluntarily waived his rights. “It is the province of the trial judge to first determine the voluntariness of a statement in a voir dire examination outside the presence of the jury, and unless there is clear abuse this discretion will not be overturned.” Duncan v. State, 278 Ala. 145, 176 So.2d 840 (1965); Shewey v. State, 48 Ala.App. 730, 267 So.2d 520 (1972); Bills v. State, 49 Ala.App. 726, 275 So.2d 706 (1973); Boggan v. State, 455 So.2d 228 (Ala.Crim.App.1984); Crozier v. State, 465 So.2d 1190 (Ala.Crim.App.1984).
When the evidence on the circumstances surrounding the appellant’s confession is conflicting on voir dire, the trial judge must determine its admissibility. If admitted, then the controverted testimony for the appellant goes to the jury on the confession’s credibility. Where the trial judge finds conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence. Harris v. State, 420 So.2d 812 (Ala.Crim.App.1982); Myers v. State, 401 So.2d 288 (Ala.Crim. App.1981); Balentine v. State, 339 So.2d 1063 (Ala.Crim.App.), cert. denied, 339 So.2d 1070 (Ala.1976).
This court has held that where the testimony of the officer shows that the appellant was read his rights, stated that he understood those rights and that he was not being threatened, coerced nor promised anything to secure this statement, indicated that he wanted to talk and made a recorded statement, this testimony was sufficient to sustain a finding that the appellant’s statement was voluntary, even though the defendant contended that he was threatened. See Sales v. State, 432 So.2d 560 (Ala.Crim.App.1983). We have further held that “[cjonfrontation with a co-defendant’s confession is not necessarily an unfair tactic or unlawfully coercive. Gibson v. State, 347 So.2d 576, 582 (Ala.Cr. App.1977).” Dunkins v. State, 437 So.2d 1349, 1352 (Ala.Crim.App.), affirmed, 437 So.2d 1356 (Ala.1983), cert. denied, — U.S. -, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984). It is argued by the appellant that “a confession induced by a threat that the accused will be prosecuted unless he confesses will render any statement or confession involuntary and inadmissible in evidence.” Hinshaw v. State, 398 So.2d 762 (Ala.Crim.App.), cert. denied, 398 So.2d 766 (Ala.1981). While this may be a correct statement of the law, the record in this cause does not support the appellant’s position. We have carefully examined this record and the voir dire examination wherein the statement was inquired into outside the presence of the jury. The trial judge’s conclusion that the defendant’s statement was voluntarily given is adequately supported by the facts and, thus, was properly admitted into evidence at trial.
This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.