This appeal follows from a conviction for the capital offense of murder during the course of committing a robbery and a sentence of life without parole. For the reasons outlined below, the decision of the trial court is due to be affirmed.
On July 15, 1983, the deceased victim, Patrick Dale, accompanied by his mother and a friend, went to the Holiday Inn Lounge in Evergreen. The appellant solicited and procured a ride home with Patrick Dale in exchange for five dollars worth of gas. After their departure from the Holiday Inn Lounge, in Dale's car, the appellant shot and killed the deceased on a Wilcox County road.
The appellant also stole the deceased's car and thereafter drove the car to the Chaparral Club in the Northport-Tuscaloosa area. Upon his arrival, the appellant telephoned Iris Dollar, who later met him at the Chaparral Club. The appellant spent the next two nights with Iris Dollar in Tuscaloosa. Reuben Cunningham, the son-in-law of Iris Dollar, purchased the deceased's car from the appellant for a price of $200.00. Both Cunningham and Dollar testified that they had observed the shotgun in the car prior to his making the purchase. Appellant returned to Evergreen by bus after spending two days in Tuscaloosa.
The appellant later gave a statement outlining these facts to Corporal C.W. Gibson of the Alabama Bureau of Investigation and Sheriff Prince Arnold of Wilcox County. However, the appellant alleged that he was attacked by Dale and that he shot the deceased in self-defense. The appellant was subsequently arraigned, whereupon he entered a plea of not guilty by reason of insanity.
 I.
Appellant argues that there is a material variance between the indictment and the proof. He contends that the indictment states that he robbed Patrick Dale of his money, his billfold, and his automobile. Appellant alleges that the record is void of any evidence indicating that a "theft of a billfold, its contents, or a theft of lawful money" occurred. He contends that the absence of such evidence constitutes a failure to prove the essential and material allegations of the indictment. Appellant further argues that the indictment contained naked allegations which resulted in substantial injury to him and that he is entitled to a new trial.
The relevant portion of the indictment reads as follows:
 "The Grand Jury of said County charge that before the finding of this indictment Douglas Griffin, whose name is otherwise unknown to the Grand Jury other than as stated, did intentionally cause the death of Patrick Dale, by shooting him with a shotgun and Douglas Griffin caused said death during the time that Douglas Griffin was in the course of committing, or attempting to commit [sic], a theft of lawful money of the United States, an automobile, a billfold and contents, the property of Patrick Dale, by the use of force against the person of Patrick Dale, with intent to overcome his physical resistance or physical power of resistance, while the said Douglas Griffin was armed with a deadly weapon, to-wit: a shotgun, in violation of Section 13A-5-40(a)(2) of the Code of Alabama."
"An indictment must apprise the accused with reasonable certainty of the nature of the accusation against him so that he may prepare his defense and plead the judgment of conviction as a bar to any subsequent prosecution for the same offense."Copeland v. State, 455 So.2d 951, 956 *Page 86 
(Ala.Cr.App. 1984), cert. denied, 455 So.2d 956 (Ala. 1984); Thompson v.State, 454 So.2d 1053 (Ala.Cr.App. 1984); Wilder v. State,401 So.2d 151, 160 (Ala.Cr.App.), cert. denied, 401 So.2d 167
(Ala. 1981), cert. denied, 454 U.S. 1057, 102 S.Ct. 606,70 L.Ed.2d 595; United States v. Simmons, 6 Otto 360, 96 U.S. 360,24 L.Ed. 819 (1877). An accused is constitutionally guaranteed sufficient notice of the charges against him. Such notice is mandatory in order to insure that an accused may properly defend himself at trial on a crime for which he has been indicted. Wilbourn v. State, 452 So.2d 915 (Ala.Cr.App. 1984). Proof of the same crime under some other set of facts or proof of some other crime is insufficient. The accused cannot be deprived of the notice that he is constitutionally guaranteed.Abernathy v. State, 462 So.2d 960 (Ala.Cr.App. 1984); Ex parteHightower, 443 So.2d 1272 (Ala. 1983), on remand, 443 So.2d 1275
(Ala.Cr.App. 1984).
A variance in the indictment and the proof will be deemed fatal when it affects the substantial rights of the accused.Fisher v. State, 453 So.2d 2 (Ala.Cr.App. 1984); Jeffers v.State, 455 So.2d 201 (Ala.Cr.App. 1984); United States v.Womack, 654 F.2d 1034 (5th Cir. 1981), cert. denied,454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 314 (1982). A variance between the indictment and the proof is not necessarily fatal. UnitedStates v. McCrary, 699 F.2d 1308 (11th Cir. 1983). See alsoJeffers v. State, supra; Farley v. State, 437 So.2d 639
(Ala.Cr.App. 1983). A material variance exists when the variance misleads the accused or substantially impairs him in making his defense. Talley v. State, 483 So.2d 1369, 1370
(Ala.Cr.App. 1985), cert. quashed, 483 So.2d 1372 (Ala. 1986);Phillips v. State, 446 So.2d 57, 62 (Ala.Cr.App. 1983), cert.denied, 467 U.S. 1254, 104 S.Ct. 3541, 82 L.Ed.2d 845 (1984). However, as this court has ruled many times, a variance will not be deemed to be material when the evidence indicates that the accused committed a substantial offense contained in the indictment.
 "[T]here is no material variance where there is proof of so much of an indictment as shows the defendant committed a substantial offense specified therein." House v. State, 380 So.2d 940
(Ala. 1979), quoting Dotson v. State, 337 So.2d 83
(Ala.Cr.App. 1976).
This court has also said:
 "A variance between the indictment and the proof is immaterial when the alleged variance may be treated as surplusage." Dailey v. State, 374 So.2d 414, at 417 (Ala.Cr.App. 1979).
See also Edwards v. State, 480 So.2d 1259, 1262 (Ala.Cr.App.),cert. denied, 480 So.2d 1264 (Ala. 1985); Dunklin v. State,436 So.2d 8, 11 (Ala.Cr.App. 1983).
The State, in the present case, presented substantial testimony against the appellant regarding the circumstances surrounding the death of Patrick Dale and the theft of his automobile. The State also presented evidence against the appellant concerning the theft of the victim's money and his billfold. The victim's father testified that just prior to his son's death, his son had work-related checks in the amount of $600.00. The record indicates that only $200.00 from those checks was deposited in the deceased's bank account. The record also reveals that when the victim was found, his pockets were turned inside out and that only a few coins were recovered near the body. The State submits that there was sufficient circumstantial evidence to satisfy the other allegations contained in the indictment. The State's basic contention is that the appellant stole Patrick Dale's money after murdering him and, therefore, that the theft proves the gravamen of the indictment.
We must agree with the State that sufficient evidence was presented for a jury determination as to whether the appellant murdered Patrick Dale during the course of committing a robbery. Thus, we find no material variance existed, because there was proof to support the allegation that the appellant committed a substantial offense specified in the indictment.House v. State, supra. We find no variance between the proof and the indictment that is *Page 87 
substantially injurious or misleading to the appellant. Therefore, the appellant's argument must fail.
 II.
Appellant contends that his statement to Sheriff Arnold and Investigator Gibson was taken in violation of his constitutional rights. He maintains that considering his condition and the totality of the circumstances surrounding his statement, the court committed error by admitting his statement into evidence.
Appellant was admitted to Evergreen Hospital after an apparent suicide attempt by consumption of alcohol and an overdose of drugs. He was discharged from the hospital with instructions to take medication for five days. On July 22, 1983, the day following his discharge, the appellant was arrested. On July 25, 1983, the appellant was interviewed by Investigator Gibson and Sheriff Arnold, and gave a statement, which he signed after making a few corrections. He points out that he was without medication while incarcerated. Appellant specifically alleges that his statement was not voluntary. He contends that he "was maintained at the Dallas County Jail completely without medication or medical attention." He claims that his incarceration without medication was the "equivalent to torture methods of German War Camps." Thus, appellant maintains that, considering the totality of the circumstances, his statement was not voluntary and should have been excluded.
In Minor v. State, 437 So.2d 651 (Ala.Cr.App. 1983), the court stated:
 "The true test of determining whether an extrajudicial confession is voluntary is whether the defendant's will was overborne at the time he confessed, making the confession the product of irrational intellect and not of a free will. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)." Minor, 437 So.2d 651, 655
(Ala.Cr.App. 1983).
In the present case, a hearing on the voluntariness of the confession was held outside the presence of the jury and the trial court heard all the circumstances surrounding appellant's confession. The record indicates that Sheriff Arnold, from Wilcox County, and ABI Investigator Gibson were present during appellant's interview. Both of them testified that neither they nor anyone in their presence or to their knowledge offered appellant any promise or attempted to coerce him into giving a statement. Appellant did not appear intoxicated or to have any difficulty resulting from intoxication or drugs.
The record also reveals that the appellant was given hisMiranda warnings prior to giving his statement. Investigator Gibson read appellant his rights from a Miranda form and made a check mark as each was read. Then Investigator Gibson read appellant the waiver of rights, which he claimed to understand. Appellant signed his statement after correcting four or five errors and initialing the corrections.
It is this court's duty to accord the trial court's determination great weight in deciding upon the voluntariness of a confession, and its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence. Harris v. State, 420 So.2d 812
(Ala.Cr.App. 1982); Myers v. State, 401 So.2d 288
(Ala.Cr.App. 1981); Balentine v. State, 339 So.2d 1063
(Ala.Cr.App.), cert. denied, 339 So.2d 1070 (Ala. 1976).
 "A finding of the trial court as to the voluntariness of a confession, following a hearing held outside the presence of the jury, will not be disturbed on appeal unless contrary to the great weight of the evidence and manifestly wrong." Rush v. State, 397 So.2d 195, 197, (Ala.Cr.App.), writ denied, Ex parte Rush, 397 So.2d 197
(Ala. 1981).
Moore v. State, 415 So.2d 1210 (Ala.Cr.App. 1982), cert. denied,459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982), is dispositive of the issue now before this court:
 "Where the voluntariness inquiry presents conflicting evidence, great weight must be given the trial judge's finding of voluntariness. Even when *Page 88 
there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. Thompson v. State, 347 So.2d 1371, 1375
(Ala.Cr.App.), cert. denied, Ex parte Thompson, 347 So.2d 1377 (Ala. 1977), cert. denied, 434 U.S. 1018, 98 S.Ct. 740, 54 L.Ed.2d 765 (1978). 'The trial court does not have to accept the testimony of (the) defendant as to the voluntariness of a confession if there is substantial testimony by others sufficient to constitute a predicate for the admission in evidence of the confession.' Bradley v. State, 337 So.2d 47, 50 (Ala.Cr.App. 1976).
 "The issue of the admissibility and hence the voluntariness of the statements and the confession in this case turns, as it does in so many others, on the question of which witnesses the trial judge believed." Moore v. State, supra, at 1214-15. See also Ex parte Singleton, 465 So.2d 443, 445
(Ala. 1985); Todd v. State, 472 So.2d 707, 714
(Ala.Cr.App. 1985).
The record is void of any indication that the trial court has abused its discretion in allowing the appellant's statement into evidence. Thus, appellant's argument must fail.
 III.
Appellant argues that pursuant to North Carolina v. Butler,441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the trial court erred by failing to instruct the jury in its oral charge that "confessions are presumed to [be] involuntary, placing the burden on the State to prove a valid waiver."
Initially, the appellant's interpretation of North Carolinav. Butler, supra, is faulty. That case, in addressing only one issue, found that an explicit statement is not always necessary to constitute a valid waiver of Miranda rights. While the United States Supreme Court did state that "[t]he courts must presume that a defendant did not waive his rights [against self-incrimination and to the assistance of counsel]; the prosecution's burden is great . . ." Id. at 374,99 S.Ct. at 1758. The Court never indicates that instructions must be given to the jury in a trial court's oral charge on this proposition of law.
"Extrajudicial confessions are prima facie involuntary and inadmissible, and the burden is on the State to prove that the confession was made voluntarily, C. Gamble, McElroy's AlabamaEvidence § 200.02(1) (3d ed. 1977). The cases which support this ancient proposition are legion. . . .," Ex parte Callahan,471 So.2d 463, 464 (Ala. 1985). Ex parte Shula, 465 So.2d 452
(Ala. 1985); Hadley v. State, 448 So.2d 465 (Ala.Cr.App. 1984). To render a confession admissible, the State must "lay two predicates": "[t]he first predicate requires a showing of voluntariness, i.e., absence of coercion or offer of reward, etc., and the second requires the State to prove that a properMiranda warning, i.e., the right to remain silent and the right of counsel, etc., was given prior to any questioning by the police." Ex parte Callahan, supra, at 464. In the present case, there is no claim that the appellant was not informed of hisMiranda rights. Thus, "the test that must be applied in determining the voluntariness of a confessor's statements is whether the confessor's will was overborne at the time he confessed." Agee v. State, 465 So.2d 1196, 1198
(Ala.Cr.App. 1984). His statement must be " 'free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.' " Seawright v. State,479 So.2d 1362, 1367 (Ala.Cr.App. 1985), quoting Rogers v. State,365 So.2d 322 (Ala.Cr.App.), cert. denied, 365 So.2d 334
(Ala. 1978). The proper method for determining the voluntariness of the confessions is to examine all of the "attendant circumstances." Agee v. State, supra; Boulden v. Holman,394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969). "The voluntariness of a confession is determined by the judge in the exercise of enlightened *Page 89 
discretion," Hammins v. State, 439 So.2d 809, 811
(Ala.Cr.App. 1983), "and is to be determined from a consideration of the totality of the circumstances in each case. Blackburn v. Alabama, 361 U.S. 199, 80 S.Ct. 274,4 L.Ed.2d 242 (1960)." Bryant v. State, 428 So.2d 641, 645
(Ala.Cr.App. 1982). "The trial judge need only be convinced from a preponderance of the evidence that the confession was knowingly and voluntarily made." Koger v. State,443 So.2d 1343, 1346 (Ala.Cr.App. 1983); Ex parte Singleton,465 So.2d 443, 445 (Ala. 1985); Lego v. Twomey, 404 U.S. 477,92 S.Ct. 619, 30 L.Ed.2d 618 (1972).
In Alabama, voluntariness of confessions is determined by the orthodox rule. Under this "Wigmore" or "orthodox" rule, " 'the admissibility of a confession addresses itself to the judge and . . . the credibility and weight to be given a confession are matters exclusively for the jury.' " Ex parte Shula,465 So.2d 452, 454 (Ala. 1985), quoting Jackson v. Denno, 378 U.S. 368,84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). If evidence concerning the circumstances of the confession is conflicting on voir dire, then it is the trial judge who first determines its admissibility. If this controverted evidence is admitted, then the confession's credibility goes to the jury. Sumpter v.State, 480 So.2d 608, 613 (Ala.Cr.App. 1985); Paulk v. State,473 So.2d 666, 668 (Ala.Cr.App. 1985). Thus, the trial judge decides whether the confession was voluntary, and, if he decides it was, then the jury may consider voluntariness as bearing on the credibility of the confession. "Since the jury considers voluntariness as bearing on credibility, the jurors must hear evidence concerning voluntariness/credibility just as the trial court hears evidence concerning voluntariness/admissibility." Ex parte Shula, supra, at 455. The arresting officer's testimony provided such evidence.
A finding of voluntariness is given "great weight" and only requires support "by substantial evidence from which it can be inferred that the rules of freedom and voluntariness were observed." Bryant v. State, 428 So.2d 641, 645
(Ala.Cr.App. 1982), cert. denied, 428 So.2d 646 (Ala. 1983).
 "When there is a conflict in the evidence surrounding the taking of the confession, and there is sufficient evidence to support the trial court's finding, this court will not disturb the finding of the trial court on appeal, unless it appears contrary to the great weight of the evidence, or is manifestly wrong, or unjust. The trial judge need only be convinced from a preponderance of the evidence that the confession was knowingly and voluntarily made." Koger v. State, 443 So.2d 1343, 1346 (Ala.Cr.App. 1983). See also Todd v. State, 472 So.2d 707, 714
(Ala.Cr.App. 1985); Webb v. State, 447 So.2d 864, 866 (Ala.Cr.App. 1984).
In the present case, there is "sufficient evidence" to support the trial court's conclusion that appellant's statement was voluntarily given. Clency v. State, 415 So.2d 1244, 1246
(Ala.Cr.App. 1982).
Further, in the present case, the appellant failed to object to the trial court's failure to include in its oral charge to the jury any instruction that confessions are presumed involuntary and that the burden is on the State "to prove a valid waiver." The law in Alabama is clear as to errors of omission:
 "Such errors are waived unless a proper written requested instruction is tendered to the trial court on the omitted point: '[W]here a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter for Appellate Courts. . . .
 A failure to pursue . . . the [remedy] above set out, if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.' " Ritter v. Smith, 568 F. Supp. 1499, 15171518 (S.D.Ala. 1983), quoting Parham v. City of Opelika, 412 So.2d 1268, 1269 (Ala.Cr.App. 1982).
"The trial court cannot be placed in error on grounds not asserted. [Citations omitted]. *Page 90 
The court was required to pass only upon the ground of the objection specified by the appellant and those not announced are waived." Johnson v. State, 421 So.2d 1306, 1311
(Ala.Cr.App. 1982). "In the absence of a timely objection to the court's oral instructions in the jury's presence, this court had nothing to review. Cox v. State, 280 Ala. 318,193 So.2d 759 (1967)." Id. at 1311-1312. See also Ex parte Washington,448 So.2d 404, 406 (Ala. 1984); Burton v. State, 380 So.2d 361,362 (Ala.Cr.App. 1980).
There was no evidence presented by the appellant to rebut the State's showing of voluntariness, nor was the assertion that the appellant's confessions were involuntary borne out by the finding of fact. Ex parte Grayson, 479 So.2d 76, 81 (Ala. 1985),cert. denied, ___ U.S. ___, 106 S.Ct. 189, 88 L.Ed.2d 157
(1985).
 IV.
Appellant also contends that the "jury was not given the benefit of any testimony as evidence concerning voluntariness or credibility except that of the officer who received the statement." Appellant argues that "jurors must hear evidence concerning voluntariness and credibility just as the trial court hears evidence concerning voluntariness/admissibility."
The State argues that the testimony of the officer who received the appellant's statement was sufficient to show appellant's statement was voluntary.
A.B.I. Investigator Gibson testified at length in court and was examined by the appellant concerning the circumstances surrounding the taking of the appellant's statement.
Gibson's testimony indicated that the appellant was properly given his Miranda rights, that he understood his rights, that he was not coerced into giving a statement, and that he did not appear to be impaired in any way.
Gibson also testified as to the substance of the appellant's statement. He also indicated that the appellant reviewed the statement and made five corrections, initialed those corrections, and signed the statement. Officer Gibson testified extensively regarding the credibility of the appellant's statement. The appellant had ample opportunity to cross-examine Officer Gibson. The record clearly supports a finding that sufficient evidence was presented regarding the credibility of the method used in taking appellant's statement.
 V.
This court has held that the evidence was sufficient to show that a confession was voluntarily given where "[t]he officer who transcribed appellant's statement testified that it was voluntarily given and that it was read to and approved by appellant before appellant signed it." Herron v. State,409 So.2d 991, 992 (Ala.Cr.App. 1982). Further, "[t]his court has held that where the testimony of the officer shows that the appellant was read his rights, stated that he understood those rights and he was not being threatened, coerced, nor promised anything to secure this statement, indicated that he wanted to talk and made a recorded statement, this testimony was sufficient to sustain a finding that the appellant's statement was voluntary, even though the defendant contended that he was threatened. See Sales v. State, 432 So.2d 560
(Ala.Cr.App. 1983)." Paulk v. State, 473 So.2d 666, 668
(Ala.Cr.App. 1985); Sumpter v. State, 480 So.2d 608, 613
(Ala.Cr.App. 1985). Where the voluntariness predicate for the admission of the confession was presented through the testimony of the deputy who took the appellant's statement, this court held that the State overcame the presumption of involuntariness although the deputy could not remember some of the details of the confession. Alexander v. State, 370 So.2d 33033, (Ala.Cr.App.), cert. denied, 370 So.2d 332 (Ala. 1979). Also, where the officer's testimony was the only evidence of voluntariness and it directly contradicted the appellant's testimony, this court deferred to the finding of voluntariness by the trial court. Bryant v. State, 428 So.2d 641, 645 *Page 91 
(Ala.Cr.App. 1982), cert. denied, 428 So.2d 646 (Ala. 1983). Where the appellant contended that the State did not adequately lay the predicate for a finding of voluntariness because the officer, whose testimony was the sole source of evidence, was not constantly present with the appellant during his statement, this court indicated that "[t]he State, 'having established by the preliminary proof the voluntary nature of the confession, was not required . . . to array for interrogation every person who might have had access to or conversation with the prisoner during his incarceration in order to remove the prima facie presumption of involuntariness.' " Johnson v. State,453 So.2d 1323, 1326 (Ala.Cr.App. 1984), quoting Logan v. State,251 Ala. 441, 444, 37 So.2d 753, 755 (1948). For other cases wherein the officer's testimony was held sufficient to satisfy the State's predicate of voluntariness, see Gray v. State,482 So.2d 1318, 1321 (Ala.Cr.App. 1985); Todd v. State,472 So.2d 707 (Ala.Cr.App. 1985); Webb v. State, 447 So.2d 864
(Ala.Cr.App. 1984); Hadley v. State, 448 So.2d 465, 466-67
(Ala.Cr.App. 1984); Hammins v. State, 439 So.2d 809, 811
(Ala.Cr.App. 1983); Snider v. State, 422 So.2d 807
(Ala.Cr.App. 1982).
 VI.
Appellant argues that he is entitled to a new trial on the basis of newly discovered evidence, which he alleges could not have been discovered and produced at trial. He specifically alleges that appellant had taken the drug Ludiomil in conjunction with alcohol on the day in question. He citesPhysicians Desk Reference, p. 855 (37th ed. 1983), in arguing that Ludiomil, combined with large amounts of alcohol, "can cause several reactions, including confusional state, hallucinations, disorientation, nightmares, hypomanio and mania." He argues that because of this alleged newly discovered evidence, an instruction to the jury that it could find him not guilty by reason of mental disease or defect would have been proper and relevant to the question of guilt in this capital case.
The granting or denial of a new trial on the ground of newly discovered evidence is a decision resting largely within the sound discretion of the trial court and the decision will not be reversed on appeal unless it is clearly shown that the trial judge abused his discretion. Snider v. State, 473 So.2d 579,580 (Ala.Cr.App. 1985); Perry v. State, 455 So.2d 999, 1003
(Ala.Cr.App. 1984). Robinson v. State, 389 So.2d 144
(Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980). In order to establish the right to a new trial on the grounds of newly discovered evidence, appellant must show that the evidence has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is material to the issue, that it is not merely cumulative or impeaching, and that the evidence is such that it will probably change the result if a new trial is granted.Baker v. State, 477 So.2d 496, 504 (Ala.Cr.App. 1985), cert.denied, ___ U.S. ___, 106 S.Ct. 1231, 89 L.Ed.2d 340 (1986);Willis v. State, 447 So.2d 199, 202 (Ala.Cr.App. 1983); Bland v.State, 390 So.2d 1098 (Ala.Cr.App.), cert. denied,390 So.2d 1109 (Ala. 1980), cert. denied, 451 U.S. 991, 101 S.Ct. 2332,68 L.Ed.2d 851 (1981).
In the present case, the record reveals that it was known to all during the trial that appellant had taken Ludiomil and that he had also consumed alcohol on the day of the murder. Appellant has not shown that the alleged newly discovered evidence could not have been discovered earlier with the exercise of due diligence, nor has he shown that the evidence would probably change the result if a new trial was granted. For the reasons enunciated herein, the appellant's argument must fail and this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 92